# Lowery *v.* Peterson.

*Bill in Equity to enforce Vendor's Lien on Land.*

1. *Vendor's lien, when title retained ; nature of.*—When a vendor of lands retains in himself the legal title, covenanting to convey it at a future day, upon condition that the vendee makes payment of the purchase-money, he carves out his own security, which is in the nature of a mortgage, and to which all the essential incidents of a mortgage attach.

| 75  | 109 |
|-----|-----|
| 102 | 416 |
| 75  | 109 |
| 112 | 282 |
| 75  | 109 |
| 129 | 313 |
| 129 | 537 |
| 75  | 109 |
| 136 | 309 |
| 75  | 109 |
| 139 | 517 |

[Lowery v. Peterson.]

2. *Vendor's lien ; distinction between, when title conveyed and when retained.*—There is a plain and recognized distinction between the equitable lien which a vendor of lands has, when he conveys the legal title, and the security he carves out for himself, when he retains the legal title, covenanting to part with it only upon the payment of the purchase-money. In the latter case, independent of statute, a transfer by delivery of a note or bond given for the purchase-money passes, in equity, the security retained for the debt.

3. *Assignment of debt in equity ; what operates as.*—In a court of equity, an assignment of a debt may be in writing or by parol, and no particular form therefor is essential ; it is sufficient if there is an intentional transfer or making over of the subject-matter, conferring a complete and present right on the assignee.

4. *Lien on lands for purchase-money ; when vendor can not dispute his own title.*—A vendor of lands, retaining in himself the legal title as security for the payment of the purchase-money, can not, as against an assignee of a note given for the purchase-money, seeking to enforce the security, be heard to dispute his own title, or to aver that he has not an estate in the premises co-extensive with that he has covenanted to convey.

5. *Stipulation for forfeiture in contract for sale of land ; when waived.* A stipulation in a contract for the sale of land, providing for a forfeiture of the contract if the purchase-money is not paid as it becomes due, and binding the purchaser, in the event of forfeiture, to pay rent, is reserved for the benefit of the vendor, and may be waived by him ; and it is waived by his accepting part payment of the first installment of the purchase-money before it is due, and by transferring a part of the installment in payment of a debt.

APPEAL from Pickens Chancery Court.

Heard before Hon. THOMAS COBBS.

On 23d October, 1879, J. W. F. Lowery entered into a written contract with M. G. and B. F. Cosper, by which he "contracted and agreed to sell" to them a designated tract of land in Pickens county, in this State, at and for the sum of $1,655.40, payable in three equal installments, one on 1st January, 1881, one on 1st January, 1882, and the other on 1st January, 1883 ; and to execute and deliver to them a deed to said land, with covenants of warranty, on payment of the purchase-money. It was also provided in the contract that "if default be made in fulfilling this agreement, or any part thereof, on the part of the parties of the second part [M. G. and B. F. Cosper], then and in such case they are to pay to the party of the first part [J. W. F. Lowery] a yearly rent of two hundred dollars for each year, the same secured by a statutory lien ; and, in case of the above forfeiture, the said party of the first part, his heirs and assigns, shall be at liberty to consider this contract as forfeited and annulled, and to dispose of the said land to any other person in the same manner as if this contract had never been made." The installments of the purchase-money were not evidenced by any other writing than the said contract.

The bill in this cause was filed on 4th April, 1882, by A. J.

Peterson, claiming as assignee or transferee of an unpaid balance of the first installment of said purchase-money (a part thereof having been paid prior to the alleged transfer and before maturity), against J. W. F. Lowery and M. G. and B. F. Cosper, for the purpose of having declared and enforced a lien on the land for the payment of the amount of said purchase-money claimed by him. The defendants answered the bill; the said M. G. and B. F. Cosper, in a joint answer, admitting substantially the averments of the bill; while the said Lowery, in a separate answer, denied that the complainant was the assignee or transferee of any part of said purchase-money, insisted that the contract had been forfeited, and set up that his wife had a resulting trust in the land.

In the latter part of the year 1880, Lowery owed the complainant an account for $440.50; and the complainant's evidence tended to show that he receipted this account, and, in consideration thereof, Lowery transferred the first installment of said purchase-money to him. The transfer was by parol, but was accompanied by delivery of the contract itself. On the other hand, the evidence introduced by Lowery tended to show that the complainant paid him for the Cospers, on account of said purchase-money, $440.50, by receipting said account; he, at the same time, charging said amount to the Cospers. The opinion does not render it necessary to make a fuller report of the evidence.

On the hearing, had on pleadings and proof, the chancellor caused a decree to be entered, granting to the complainant the relief sought by him; and that decree is here made the basis of the assignments of error.

M. L. STANSEL and E. J. FITZPATRICK, for appellant.

D. C. HODO, *contra.*

BRICKELL, C. J.—When, as in the present case, a vendor of lands retains in himself the legal title, covenanting or agreeing to convey it at a future day, upon condition that the vendee makes payment of the purchase-money, he carves out his own security, which is in the nature of a mortgage, and to which all the essential incidents of a mortgage attach. The relation of the parties is analogous to, if not precisely, that which would have been created, if the vendor had made a conveyance of the legal estate, and, contemporaneously, the vendee had executed a mortgage to secure the payment of the purchase-money. For, as has been justly observed, there can not be a sensible distinction drawn between the case of a legal title conveyed to secure the payment of a debt, and a legal title retained to secure payment.—*Bankhead v. Owen,* 60 Ala. 457.

The land being a security for the debt, it follows that any transfer or assignment, not limited or qualified in exclusion of a transfer of the security, which passes the debt and the right to its payment, is in equity a transfer of the security. This has never been doubted in the case of a mortgage, and there is no room for doubting it in the analogous case of a vendor retaining the legal estate as security for the payment of the purchase-money.—*Bankhead v. Owen, supra.* The reason that a transfer of the debt in equity passes the mortgage, is, that a mortgage, in the contemplation of a court of equity, is a charge upon the land ; and whatever will give the money, will carry the estate in the land along with it to every purpose. The estate in the land is the same thing as the money due upon it. *Martin v. Mowlin,* 2 Burrows, 979. The debt may be assigned wholly or partially ; and if there is an assignment of but part of the debt, an equitable interest vests in the assignee, which a court of equity will protect and enforce.—2 Sto. Eq. § 1044. In such case, the security for the debt passes *pro tanto* by the assignment.—*Pattison v. Hull,* 9 Cowen, 747 ; *Thomas v. Wyatt,* 5 B. Munroe, 132.

It results from these propositions, that the contention between the parties resolves itself chiefly into a question of fact. That question is, whether there was an assignment to Peterson of a part of the debt for the purchase-money of the lands ; or whether he made a partial payment of the debt, trusting for reimbursement to the personal responsibility of the vendees. There is a serious and irreconcilable conflict in the testimony ; but after a careful consideration of it, we concur in the conclusion of the chancellor, that there is a preponderance in support of the claim, that there was a partial assignment, and not a partial payment of the debt. No particular form of assignment is essential in a court of equity ; it may be in writing or by parol. It is sufficient, if there is an intentional transfer or making over of the subject-matter, conferring a complete and present right on the assignee.—1 Wait's Actions and Defenses, 363–68. A transfer by delivery of a bond, bill or promissory note, given by the vendee for the purchase-money of lands, would not, prior to the present statute, carry the equitable lien of the vendor. But that is not this case ; there was and is a plain and recognized distinction between the equitable lien and the security the vendor carves out for himself when he retains the legal title, covenanting to part with it only upon payment of the purchase-money.—*Bankhead v. Owen, supra.* A transfer by delivery of a note or bond for the payment of money passes as fully as a trasfer or indorsement in writing the beneficial interest, entitling the assignee or transferee to demand and receive the money, and to discharge or forgive the debt. Of necessity, it

passes the security for the debt, which the vendor retained, or which may have been created by a mortgage. For in the contemplation of a court of equity, the debt is the principal thing, the security an incident.

Whether the wife of the vendor may not have a resulting trust in the lands, which, if enforced, will operate a destruction of the legal estate, could not have become a relevant, material inquiry, unless the purchasers had intervened for a rescission of the contract of purchase. The vendor, to defeat the rights of the assignee, to disappoint the assignment, can not be heard to dispute his own title, or to aver that he has not an estate in the premises co-extensive with that he has covenanted to convey.—*Stewart v. Anderson*, 10 Ala. 504.

The condition in the contract or agreement of the parties, that, in the event the vendee failed to pay the purchase-money, as it became due and payable, the contract should be forfeited, and the purchaser bound to pay rent, was reserved for the benefit of the vendor, and, at discretion, he could dispense with or waive it. And it was dispensed with or waived by any act on his part, clearly evincing an intention to treat the contract as a valid, subsisting contract of purchase.—*Dumpor's case*, 1 Smith's Lead. Cases (7th Am. Ed.), 93–136. The vendor received part payment of the first installment of the purchase-money before it was due, and then transferred a part of the installment in consideration of the payment of a debt of his own. There could not have been by conduct more plainly manifested an election to treat the contract of purchase as subsisting, freed from the condition of forfeiture. There was not owing to him, if advantage was to be taken of the condition, one-half of the sum in payment of which he assigned the first installment. Indeed, if the forfeiture was to be claimed, the assignment was wanting in subject-matter. This view is decisive of the question raised as to the effect of the failure of the purchasers to pay in full the first installment of the purchase-money.

We find no error in the record prejudicial to the appellants, and the decree must be affirmed.