# Wells v. Cody.

## Trial of the Right of Property.

1. *Assignment of landlord's claim for rent and advances; not necessary to be in writing.*—The provisions of the statute (Code of 1886, § 3059), authorizing assignments by a landlord of his claim for rent and advances applies to assignments by delivery merely as well as by writing; and the statutory lien, being incident to and inhering in the rental contract, is a substantive security of the rent reserved, and is, in equity, carried with an assignment by delivery of the landlord's claim, and is enforceable by the assignee in a court of equity.

2. *Same; right of assignee to maintain statutory claim suit.*—An assignee by delivery merely of a landlord's claim for rent and advances can, under the influence of section 3004 of the Code of 1886, which authorizes equitable claimants to try the right of property in goods levied upon, institute and maintain a claim, under the statute, to property upon which the landlord's lien operates.

3. *Statutory claim suit; question for the jury when testimony conflicting.*—In a statutory claim suit, instituted upon the levy of an execution, in which the claimant bases his right to the property levied upon under the assignment of a landlord's claim for rent and advances, when the testimony is conflicting in reference thereto, the question whether the assignment of the rent note antedated the levy of the execution should be left to the jury; and it is error for the court to give the general affirmative charge in favor of either party.

APPEAL from the Circuit Court of Henry.

Tried before the Hon. M. E. MILLIGAN, Special Judge.

This was a statutory trial of the right of property, which was instituted in the following manner : M. Cody,

[Wells v. Cody.]

the appellee, recovered a judgment against one W. J. Smith and another. Upon this judgment an execution was issued and levied upon certain property, as the property of said W. J. Smith. Thereupon J. M. Wells, the appellant, interposed a claim to this property, and a trial was had upon issue formed upon the interposition of this claim. The plaintiff proved his levy, and that the defendant, W. J. Smith, was in possession of the property at the time of the levy.

W. J. Smith was introduced as a witness for the claimant, and testified that in the year 1894 he rented the land from one Mrs. G. A. West, for the sum of $100, and made his note to Mrs. West for the amount of rent, due October 1, 1894; that the property levied upon in this case was the crop raised by him on the lands so rented from Mrs. West during the year 1894, and that before said levy was made by the sheriff, the claimant ·Wells had purchased said note from Mrs. West, and that at the time said levy was made, the rent note was in the possession, and was the property of, the claimant. The note given by Smith for the rent of the land was identified by him, and was introduced in evidence.

Claimant testified that he paid Mrs. West $100 for the note and it was delivered to him, but there was no written assignment of it to him; that he was not present when the levy was made, but that after he had bought said note he was at the house of defendant, and there had been no levy made upon the property involved in this suit. The claimant also testified that no part of said note had been paid.

The plaintiff introduced one John West as a witness, and he testified that he was the husband of Mrs. G. A. West in the year 1894, that on the day the levy was made there were five bales of cotton in the gin yard raised by Smith on the rented land, that he told the sheriff and one Cody, who was plaintiff's agent, that if they would roll off four bales of the cotton and leave the same for him to get his wife's rent out of, that he would release the balance of Smith's crop from the claim of his wife for rent; that the plaintiff then ordered sheriff not to levy on said four bales of cotton, but to leave them for West, and that he accepted the same in full payment of the rent for that year; that the sheriff then levied upon the property in controversy; that he was agent for his wife and she

[Wells v. Cody.]

accepted what he had done; and at the time of the levy the said rent note had not been sold to claimant, but was still in his possession as his wife's agent. One J. M. Cody testified that he was present when the levy was made, and that he saw the rent note in the possession of West; and that Mr. West released the property levied upon, upon said four bales of cotton being rolled aside for him to get his wife's rent out of them. The sheriff testified substantially to the same facts as did West and Cody; and another witness for the claimant testified to substantially the same facts as testified to by the claimant himself.

This being substantially all the evidence, the court gave, at the request of the plaintiff, the following written charge to the jury: "If the jury believe the evidence, they will find for the plaintiff." To the giving of this charge the claimant duly excepted. There were verdict and judgment for the plaintiff. Claimant appeals, and assigns as error the giving of the general affirmative charge in favor of the claimant, and the rendition of judgment in his favor.

B. G. FARMER, for appellant.—The appellant was invested with all the rights of West, the landlord, by reason of the assignment of the note, made by Smith, the tenant, and could, therefore, maintain this claim.—Code of 1886, §§ 3059, 3074, 3004.

G. L. COMER, contra.—The delivery of the note to the appellant without written assignment, may have given him a good title to the note upon which he could have maintained an ordinary action of assumpsit, but did not invest him with such title to the tenant's crop as to enable him to maintain a claim suit thereto.—Code of 1886, § 3059; Wetmoreland v. Foster, 60 Ala. 448; Corbitt v. Reynolds, 58 Ala. 378; Drakford v. Turk, 75 Ala. 339; 1 Bouv. Law Dictionary, 194.

HEAD, J.—At common law choses in action were not assignable so as to be enforced by the assignee in his own name. An assignment, however, whether by delivery merely or in writing, created a beneficial interest in the asssignee in the debt assigned, which equity would recognize and protect, and which, in time, courts of law

came to protect, in some respects, when suit was brought for the use of the assignee. Later the legislature intervened and enacted that, in such actions, the beneficiary named should be considered the sole party to the record.—Code, §§ 2595, 2596. Section 1762 of the Code provides that, "All bonds, contracts, and writings, for the payment of money, or other thing, or the performance of any act or duty, are assignable by indorsement, so as to authorize an action thereon by each successive indorsee." This, we observe, requires *indorsement*. This provision is enlarged by section 2594 of the Code, which requires actions on promissory notes, bonds or other contracts for the payment of money (except bills of exchange and promisory notes payable at a bank or banking house, or at a designated place, and other commercial instruments) to be prosecuted in the name of the party really interested, whether he has the legal title or not, subject to any defense the payer, obligor, or debtor may have had against the payee, obligee or creditor, previous to notice of assignment or transfer. This, we observe, is confined to actions on the particular contracts specified. Under it, a transferee by delivery merely, as we have uniformly held, may and must sue on such contracts in his own name; thus recognizing the common law rule that a transfer by delivery passed the beneficial interest—such an interest as a court of equity would protect and enforce, at the suit of the transferee, when the holder of the legal title and other necessary parties were brought before the court; and as incident to such beneficial ownership of the debt, equity would enforce securities which pertained to it for the benefit of the transferee.

The statutory lien of a landlord is a substantive security of the rent reserved, in the sense that it is not dependent alone upon the statutory methods of enforcing it.—*Westmoreland v. Foster*, 60 Ala. 448. It is incident to, and inheres in, the rental contract, and, upon principles above noticed, under the general law, a beneficial transfer of the contract (by delivery, for instance) would, as we will endeavor to show further on, carry with it, in equity, the statutory lien, enforceable by the transferee in a court of equity; and under the influence of section 3004 of the Code of 1886, which authorizes equitable claimants to try the right of property in goods levied

upon, such transferee might institute and maintain a claim of that character, to property upon which the lien operates. But, it is said the statute (Code of 1886, § 3059) provides the mode of transfer of such liens, and requires it to be affected by writing. The provision is as follows : "The claim of the landlord for rent and advances, or for either, may be by him assigned ; and the assignee shall be invested with all the landlord's rights and entitled to all his remedies for their enforcement." The term "assign" or "assignment," in respect of the transfer of choses in action, is not peculiar to written transfers. It is the usual and appropriate word to denote any transfer of a chose in action, legal or equitable, in writing, by parol or otherwise, and is so used in the books. In 1 Am. & Eng. Encyc. of Law, under a discussion of the general subject of Assignments, this language is used at p. 834 : "3. *What constitutes an assignment.* In order to constitute a valid assignment of a debt or other chose in action, in equity, no particular form of words is necessary. Any words are sufficient which show an intention of transferring or appropriating the chose in action to the assignee for valuable consideration. Nor is any written instrument required. Any order, writing, or act which makes an appropriation of a fund amounts to an equitable assignment of the fund. An oral or written declaration may consequently be as effectual as the most formal instrument, and pass the right to an obligation under seal or of record." Citing a number of authorities. "Parol assignment" of a chose in action is a common expression of the courts.—*Ib.* 835, notes.

In *Lowery v. Peterson*, 75 Ala. 109, involving a parol assignment of a purchase money obligation, and whether the *quasi* mortgage in favor of the vendor for the security of the obligation passed by the assignment, this court, speaking by Chief Justice BRICKELL, said : "No particular form of assignment is essential in a court of equity ; it may be in writing or by parol. It is sufficient if there is an intentional transfer or making over of the subject matter, conferring a complete and present right in the assignee.—1 Wait's Actions and Defenses 363-68 ;" and the court proceeded to hold that the vendor's security passed to the assignee as an incident to the debt which had been assigned by delivery merely.

[Wells v. Cody.]

See also *Planters & Merchants Ins. Co. v. Tunstall*, 72 Ala. 142; *Lee v. Wimberly*, 102 Ala. 539. The passing of a chose in action by one holder to another is, in a sense, an appropriation or setting apart of a fund by one to the use of another, and whether done in a legal or equitable way, "assignment" is the most appropriate word to describe the transmutation. We hold, therefore, that section 3059 of the Code applies to assignments by delivery merely as well as by writing.

Prior to the statute changing the rule, it was held that the lien which a. court of equity raises in favor of a vendor of land who has conveyed to the vendee, without payment of the purchase money, was personal to the vendor, and was waived by an assignment of the purchase money obligation, unless assigned by indorsement of the vendor, binding himself as indorser to the indorsee, to payment of the obligation. Hence, it was held that an indorsement without recourse did not pass the lien. Such a lien is not one of fixed, absolute legal right. It is a creature of a court of equity, raised upon the equitable principle that it is not just for one to retain the lands of another without paying for them. It will be denied whenever it appears that the vendor did not rely upon it, or has acted inconsistently with it, or for any cause it appears to be inequitable to allow it. Hence, the abandonment of the demand for the purchase money to another, without preserving his own liability to loss by contract with assignee, was an abandonment of the lien. In other words, the lien was of such a contingent, personal nature that it was not assignable, except for the protection and benefit of the assignor. But, as the case of *Lowery v. Peterson, supra,* shows, this rule did not apply to fixed securities created by the contract of the parties. A security created by contract cannot be more absolute—more fixed in legal right—than the lien the statute creates in favor of the landlord. We are unable to distinguish between them, in the application of the principle under discussion.

But however that may be, having determined that assignment in writing is not required, the statute itself declares its effect to be, that the assignee is invested with all the landlord's rights, and entitled to all his remedies for their enforcement, one of which is to maintain a claim suit, under the statute, for the trial of the right of property.

[Simmons *et al.* v. Shelton *et al.*]

It should have been left to the jury to determine whether the assignment of the note in question antedated the levy.

Reversed and remanded.