(92 South. 551)

## WOOD v. BRASWELL. (6 Div. 645.)

(Supreme Court of Alabama. April 20, 1922.)

1. Frauds, statute of ⊚∞63(4)—Parol contract between purchaser and third person for sale of land to third person held void.

Parol contract between purchaser to whom vendor had executed a bond for title and third person for the sale of the land to the third person *held* void under Code 1907, § 4289, subd. 5, notwithstanding purchaser's delivery of the bond for title to the third person.

2. Frauds, statute of ⊚∞128—That mortgage was executed pursuant to void contract for sale of land held a good defense.

In action on chattel mortgage, the fact that the mortgage had been executed pursuant to a contract void under the statute for the sale of land *held* a good defense.

3. Frauds, statute of ⊚∞129(5)—Parol contract void notwithstanding payment by purchaser to third party.

Where purchaser made oral contract with third party for the sale of the land which was void under the statute, and where the third party paid vendor a certain amount pursuant to the contract, the void contract will not be held valid under the doctrine of subrogation by reason of such payment, the contract being void, and the payment to the vendor having been made as a mere volunteer.

Appeal from Circuit Court, Cullman County; Robt. C. Brickell, Judge.

Detinue by Oscar Wood against E. H. Braswell for two mules. Judgment for the defendant, and the plaintiff appeals. Transferred from Court of Appeals under section 6, Acts 1911, p. 449. Affirmed.

Earney Bland and A. A. Griffith, both of Cullman, for appellant.

The bond for title could be assigned by delivery. 75 Ala. 110; 112 Ala. 282, 20 South. 381. The transaction was not within the statute of frauds. 66 Ala. 490; 71 Ala. 555; 75 Ala. 452; 141 Ala. 479, 37 South. 789; 139 Ala. 606, 36 South. 777; 65 W. Va. 310, 64 S. E. 249, 22 L. R. A. (N. S.) 1077; 21 Ala. 110, 56 Am. Dec. 240; 9 Cow. (N. Y.) 266, 18 Am. Dec. 503.

W. E. James, of Cullman, for appellee.

The contract under which mortgage was obtained was violative of the statute of frauds, and there was nothing to support the mortgage. 171 Ala. 409, 55 South. 102; 57 Ala. 253; 96 Ala. 528, 11 South. 695, 38 Am. St. Rep. 116. There can be no subrogation of security under the facts in this case. 69 Ala. 305; 57 Ill. 318, 11 Am. Rep. 18; 124 U. S. 534, 8 Sup. Ct. 625, 31 L. Ed. 537; 37 Cyc. 577.

GARDNER, J. This suit is in detinue by appellant against appellee for the recovery of certain personal property described in a mortgage executed by the latter to the former.

The cause was submitted upon the plea of general issue and also special pleas of failure and want of consideration. Upon the conclusion of the evidence the court gave the affirmative charge at the request of defendant, and from the judgment following the plaintiff has prosecuted this appeal.

The action of the court in giving the affirmative charge is the only question presented here for review.

[1] Omitting reference to the facts not considered important upon this appeal, the proof discloses without conflict the following situation: Plaintiff had entered into a contract for the purchase of a certain 40 acres of land from one Holmes, and had received a bond for title. He agreed to a resale of the same property to defendant at an advanced price, with the understanding that defendant was to pay Holmes $100 in cash, and assume the indebtedness of plaintiff to Holmes and execute to the plaintiff the mortgage involved in this suit for $260 which was to represent the plaintiff's profits. Plaintiff delivered to the defendant the bond for title which he held, and defendant paid to Holmes the $100, and executed the mortgage to plaintiff pursuant to the foregoing agreement. Defendant was not placed in possession of the land, and has never been in possession. The entire agreement in regard to this transaction was oral. The bond for title did not bear the name of this defendant, or make any reference to him in regard to this land, and its mere delivery by the plaintiff added nothing to its validity so far as defendant was concerned. In view of the statute of frauds, the contract was therefore void. Subdivision 5, § 4289, Code 1907.

[2] The case of Nelson v. Shelby Mfg. Co., 96 Ala. 515, 11 South. 695, 38 Am. St. Rep. 116, cites many of our cases holding to the effect that a purchaser who has paid part of the purchase money under a contract for the sale of land, void by reason of the statute of frauds, may recover the same in an action for money had and received. The same principle is here invoked by the defendant as a defense to this action. He has executed the mortgage here involved under a void contract, and this is a complete defense.

[3] The doctrine of subrogation, as argued by counsel for appellant, is without application to the instant case. The entire contract being oral, and the purchaser not having been placed in possession, there existed no obligation in law upon either party as to its enforcement. So far as the doctrine of subrogation is concerned, therefore, the defendant was a stranger to the transaction, and

any payment would have been made as a mere volunteer. 25 R. C. L. § 11.

We have considered the authorities relied upon by counsel for appellant, among them Lowery v. Peterson, 75 Ala. 710, and Wells v. Cody, 112 Ala. 282, 20 South. 381, but a careful examination of these cases will disclose they are readily distinguishable from that here presented. This likewise applies to those authorities relied upon by counsel in regard to that provision of the statute of frauds as to the promise to pay a debt of another.

We have concluded that, the agreement being void, the special defense interposed was completely established, and the affirmative charge properly given for the defendant. The judgment will accordingly be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.