(108 So. 513)

### KERSHAW v. HICKS. (7 Div. 622.)

(Supreme Court of Alabama. April 15, 1926. Rehearing Denied May 20, 1926.)

**1. Executors and administrators ⬥124.**

One of two or more executors possesses power of selling and disposing of personal assets of estate as fully as if all joined in transfer.

**2. Vendor and purchaser ⬥280(1)—Bill to foreclose vendor's lien by devisee of will who accepted purchase-money notes for land from estate held not demurrable on ground of showing complainant had nothing to convey.**

Complaint to enforce vendor's lien by holder of notes executed to estate of deceased one-half owner, and transferred to plaintiff as devisee under will of deceased, *held* not subject to demurrer on ground that it showed nothing in complainant to convey as consideration of notes in question.

**3. Vendor and purchaser ⬥261(2).**

Writing *held* not necessary to constitute valid assignment by executor of notes evidencing vendor's lien, so as to enable assignee to maintain bill in equity to foreclose lien.

Appeal from Circuit Court, Etowah County; W. J. Martin, Judge.

Bill in equity by Mamie P. Hicks against C. G. Kershaw. From a decree on demurrer to the bill, respondent appeals. Affirmed.

McClellan, Rice & Stone, of Birmingham, and Culli, Hunt & Culli, of Gadsden, for appellant.

The averments of the bill are inconsistent and repugnant. Barrett v. Central B. & L. Asso., 130 Ala. 294, 30 So. 347. An executor is without authority to transfer a note made payable to the estate, unless authorized to do so under the terms of the will. Code 1923, § 10583. The land was not devised to complainant, and she had no interest to convey. Failure of the bill to show that the vendor's lien, if it existed, shifted to complainant in such way as to authorize her to enforce same in a court of equity, renders the bill defective. McCrory v. Guyton, 154 Ala. 357, 45 So. 658.

Knox, Dixon, Sims & Bingham, of Talladega, for appellee.

Counsel discuss the questions raised and treated, but without citing authorities.

SAYRE, J. Appellee's bill sought to enforce a vendor's lien on a half interest in a considerable body of land which she had sold and conveyed to the owner of the other half interest, appellant. Demurrer to the bill was overruled. We think we need only notice the grounds of demurrer urged for review in appellant's brief.

After describing a large tract of land which complainant's deceased husband, J. H. Hicks, owned in common with defendant, the bill avers that deceased "left a last will and testament, which was duly probated, devising all of said property, other than that which was specially willed and bequeathed to others, to" complainant; that complainant, W. L. Dumas, and W. C. Hicks were named and qualified as executors; that the estate of deceased had been fully settled and the executors discharged; that notes for the purchase money, copies of which are exhibited with the bill, had been made by defendant payable to "the estate of J. H. Hicks"; that said notes were regularly transferred to complainant "by said executors"; and that they were due and unpaid. No copy of the will was attached to the bill, nor were its contents averred except as stated above. Copies of the notes exhibited in the bill showed an indorsement to complainant by "W. L. Dumas, executor."

[1] The brief charges that the legal title to the notes is not in complainant. On the averments of the bill, complainant is clothed with a perfect equity, and if, as the brief suggests, this leaves complainant without the legal title, the answer is that—

"As a general rule one of two or more executors possesses the power of selling and disposing of the personal assets of the estate as fully as if all join in the act of transfer." 24 C. J. 1186, where the authorities are cited.

[2] In the next place, it is said that one effect of that part of the will quoted above is to leave in complainant nothing to convey as a consideration for the notes in question. The method of averment adopted can hardly be approved as a clear statement of the facts intended; still it cannot be said that the bill, though construed most strongly against the pleader, leaves nothing in the complainant. So construed, the averment leaves the land sought to be subjected to complainant's lien without accurate description; but that is not the point taken by the demurrer.

[3] It is further said that there is a repugnancy between the averments of the bill, quoted in the second place above, and the exhibits thereto, for that the notes exhibited do not appear to have been transferred to complainant "by the executors." A writing was not necessary to constitute a valid assignment of the debt so as to enable the assignee to maintain a bill of this character. Magruder v. Campbell, 40 Ala. 623; Wells

---

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

v. Cody, 112 Ala. 278, 20 So. 381. But, aside from that, the assignment by W. L. Dumas was in legal effect an assignment by "the executors," as we have already noted.

The decree overruling the demurrer to the bill was, as for any objection thereby taken, correctly overruled.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.