# WILLIAM R. SMITH
## *v.*
## ALFRED SMITH.

1. FORECLOSURE OF MORTGAGE—*part of debt not due.* Where a mortgage was given to secure several notes. made payable at different times, with authority to make sale of the premises upon the non-payment, at maturity, of any of the notes, for the satisfaction of such of them as should then be due, if the mortgagee resorts to equity to foreclose, he can only obtain foreclosure for such of the notes as shall have become due, as that is the limit of the power of sale in the mortgage.

2. And where the decree of foreclosure, in such case, found the amount actually due, and directed a sale of the premises in the event that' amount should not be paid by a given day, and that out of the proceeds of the sale those notes not yet due as well as those over due should be paid, the decree was held erroneous as being equivalent to a foreclosure for the notes not due.

3. FORECLOSURE FOR PART — *release as to residue.* And a foreclosure in such case for the part of the debt which was due, would, of necessity, be a release of the security for the amount not due.

APPEAL from the Superior Court of Chicago.

This was a suit in chancery, instituted by Alfred Smith to foreclose a mortgage executed by Asher Rossitter and Francis B. Rossitter, his wife, and Sheldon Graves and Mary Graves, his wife, on the 14th day of June, 1853, to Thomas Dyer, upon lots five and six, in block six, in Kinzie's addition to Chicago. The mortgage was given to secure the payment of the sum of $16,000 for which the mortgagors, Asher Rossitter and Sheldon Graves, had given their six promissory notes, of even date with the mortgage, five of them in the sum of $3,000 each, payable respectively, two, four, six, eight and ten years after date, and the sixth for $1,000, eleven years after date, with six per cent. interest, payable annually.   The notes and mortgage were duly assigned to the complainant.

The mortgage provided that "if default shall be made in the payment of the said promissory notes, or any of them, or any part thereof, according to their tenor and effect," "that then and thenceforth it shall be lawful for the said party of the second part, his certain attorney, executors, administrators, or assigns, to enter into and upon all and singular the said premises hereby granted, or intended to be, and to sell and dispose of the same, either by himself, themselves, his or their attorney, for that purpose constituted irrevocable; and also, all benefit and equity of redemption of the said parties of the first part, their heirs or assigns, therein at public vendue, after having given sixty days' notice of the time and place of said sale (the sale to be made in the city of Chicago) by advertisement in any one of the daily newspapers that may at that time be published in the city of Chicago, personal notice to the said parties of the first part, their heirs, executors, administrators, or assigns, of the said sale being hereby expressly waived, and as the attorney of the said parties of the first part, for that purpose hereby duly authorized, constituted and appointed to make and

deliver to the purchaser or purchasers thereof a good and sufficient deed or deeds of conveyance in law for the same in fee simple, and out of the money arising from such sale to retain the principal and interest which shall then be due on said notes, or any of them, and also all taxes and redemption money paid by the party of the second part for the redemption from law sales of said premises, or any part thereof, together with the costs and charges of advertisement and sale of said premises, rendering the overplus of the purchase-money (if any there should be) unto the said Asher Rossitter and Sheldon Graves, their heirs, executors, and administrators, or assigns, further providing that said sale should forever bar the parties of the first part of all claims to said property."

William R. Smith, having become a purchaser of a part of the premises mentioned in the mortgage, was made a party defendant to the bill, with several other persons who also had some interest therein, by reason of having judgments against the mortgagors, which, it was claimed, were a lien on the premises, subject to the mortgage.

The bill alleges that, on the 17th June, 1859, the note of $3,000, payable in six years, became due, and there also became, on the same date, due and payable the annual interest on said note, and also on the note of $3,000 due in eight years from its date, and also on the $3,000 note due in ten years from its date, and also the annual interest on the note of $1,000 due and payable in eleven years, amounting to the sum of $600.

The bill further states that there is still due and unpaid on said mortgage the following additional sums to those before named, viz.: the note for $3,000 due and payable in eight years with annual interest, the note of $3,000 due and payable in ten years with annual interest, and the note of $1,000 due and payable in eleven years with annual interest, all of which are wholly due and unpaid, the principal of which has not yet matured, and alleges that the property is indivisible; and concludes with a prayer for an account of the amount due and to become due upon the mortgage, and that the amount found due be decreed to be paid within a day to be named by the

court, and, in default of payment, that the premises be decreed to be sold, and the amount due and to become due be paid to the complainant, and the balance of the proceeds applied according to the rights of the defendants.

Other pleadings were had in the cause, which it is unnecessary to notice here, as they do not affect the question decided by the court.

The cause coming on for a hearing, the court below found the amount due upon the notes secured by the mortgage to be $8,084, besides the notes due in ten and eleven years from their date. Thereupon it was decreed, that unless the mortgagors should pay to the complainant the sum of $8,084, overdue and unpaid, and in default, with interest thereon from the date of the decree, within thirty days from the date of the same, together with all the costs of this suit, and in default thereof said mortgaged premises be sold entire and undivided by Ira Scott, the master in chancery of that court, according to the rules and practice thereof, and out of the proceeds of said sale he pay the costs of this suit, and pay the complainant said sum so overdue and unpaid as aforesaid, viz., $8,084, and interest thereon from the date of the decree, and the principal due on said two notes due in ten and eleven years, viz., one note of $3,000 and one note of $1,000, with interest from 14th June, 1861, up to date of sale; and it was further ordered, adjudged and decreed that if default be made in the payment in the time above specified of said sum of $8,084, then overdue and unpaid, and said premises be sold, the complainant might become purchaser at said sale and might bid the whole sum decreed.

From that decree the defendant, William R. Smith, took this appeal; and now insists that the court below erred in directing that, in the event of a sale of the premises under the decree, out of the proceeds of the sale the two notes not due should be paid.

Mr. W. R. SMITH, *pro se.*

Messrs. WAITE & TOWNE, for the appellee.

Mr. CHIEF JUSTICE CATON delivered the opinion of the Court:

We think the court erred in decreeing that, in the event of a sale of the premises under the decree, out of the proceeds of the sale the two notes not due should be paid. This was practically a foreclosure of the mortgage upon those notes, as well as upon those which were due. The court could not decree a foreclosure for more than was authorized by the terms of the power of sale in the mortgage to sell the premises to pay, and that was "the principal and interest which shall then be due on said notes, or any part thereof, together with costs," &c. If the party elected to sell under the power, or to foreclose in chancery, he could only sell, or foreclose, for the amount then due according to the terms of the mortgage, and this of necessity would be a release of the security for the amount not due. The decree is reversed and the cause remanded.

*Decree reversed.*