# Fulgham *v.* Morris.

*Bill in Equity to foreclose Chattel Mortgage.*

1. *Bill to foreclose mortgage by assignee of debt; when mortgagee a necessary party.*—While in equity an assignment of a debt secured by a chattel mortgage, if not otherwise expressed, operates an assignment of the mortgage, entitling the assignee to its foreclosure, yet, the mortgagee, having the legal title, is an indispensable party, in whose absence the court will not proceed to a decree.

2. *Mortgage securing debt payable in installments; when may be foreclosed.*—When a debt secured by mortgage is payable in installments, ordinarily, and in the absence of stipulations to the contrary, the mortgage is forfeited *pro tanto* by default in the payment of any installment as it falls due, and the mortgagee may proceed to a foreclosure; and if before final decree, other installments become due, they should be embraced in the decree.

*Same; effect of payment of past due installment after bill filed.*—The mortgagor, by paying the installments of such debt which are past due, after bill filed for a foreclosure, is entitled to put a stop to further proceedings; and, if he make such payment, the court has no power to render a conditional or provisional decree of foreclosure, if default should be made in the payment of the installments falling due in the future.

APPEAL from Jefferson Chancery Court.
Heard before Hon. THOMAS COBBS.

[Fulgham v. Morris.]

This was a bill in equity, filed on 11th April, 1883, by Wm. H. Morris and J. N. Hall against N. W. Fulgham and G. W. Marshall, to foreclose a chattel mortgage executed by Fulgham on 10th January, 1882, to W. K. Rosser and S. B. Ethridge, to secure an indebtedness of $2500, payable in installments, evidenced by promissory notes. The notes remaining unpaid at the time the bill was filed, amounting in the aggregate to $800, had been assigned to the complainants; and two of them, each for $100, were at that time past due. The other notes did not mature until after the decree was entered. There was no assignment of the mortgage, carrying with it the legal title; and Rosser and Ethridge, the mortgagees, were not made parties. Marshall was in possession of the property, claiming under Fulgham; and he was, therefore, made a party defendant. An amendment was allowed before answer, setting up a transfer from Hall to Morris of his interest in the secured debt, after the filing of the bill. Fulgham, in said mortgage, covenants and agrees: " If I pay said notes for which this mortgage is given, as they fall due, as above stated, then this conveyance is to be void. But if I fail to pay said notes, as above stated, and as they fall due, then the said W. K. Rosser and S. B. Ethridge shall have the right to take charge of said property," and, after selling it at public auction, they shall " devote the proceeds of said sale, 1st, to the payment of the cost of selling said property; 2nd, to pay off such amount as may then be due upon said notes, and, 3rd, to pay the balance, if any," to the said mortgagor.

The answer, among other things, denied that any of the notes were " due and unpaid; " and the proof showed that the two notes, which were past due at the time of the filing of the bill, were paid before the answer was filed.

On the hearing, had on pleadings and proof, the chancellor caused a decree to be entered, declaring that the complainants were entitled to a foreclosure, finding that the two notes which were past due and unpaid at the filing of the bill, were thereafter paid, and that the other secured notes fell due at stated times in the future, and decreeing, in substance, that a sale of the mortgaged chattels be suspended until there should be a default in the payment of any one of the unpaid secured notes; in which event the property should be sold, and out of the proceeds the register should "retain the cost and expenses of said sale, and apply a sufficiency thereof to the payment of the notes due the complainants which have matured, and of the residue hold a sufficiency for the payment of the note or notes yet to fall due; " and the remainder, if any, he is directed to pay over to the solicitors of the defendants. That decree is here made the basis of the assignments of error.

[Fulgham v. Morris.]

R. H. STERRETT, for appellants.

R. H. PEARSON, *contra.*

BRICKELL, C. J.—1. A mortgage of chattels passes the legal title to the mortgagee, and if he assigns the mortgage debt, without an assignment of the mortgage, the legal title remains in him. In a court of equity the assignment of the debt, if not otherwise expressed, operates an assignment of the mortgage, entitling the assignee to proceed to its foreclosure. But the mortgagee, having the legal title, is an indespensable party, in whose absence the court will not proceed to a decree, for the reason that the decree would not bind the legal title, and could not, without the peril of future litigation, be performed safely.—*Prout v. Hoge*, 57 Ala. 28; Story's Eq. Pl. § 118. The mortgagees not being parties, the bill was defective, and no decree of foreclosure could have been properly rendered thereon.

2. A mortgage in equity is a mere security for a debt, and if the debt is payable by installments, in the presence of such stipulations as are found in this mortgage, or in the absence of stipulations to the contrary, it is forfeited *pro tanto* by default in the payment of any installment as it falls due, and the mortgagee may proceed to foreclose. If before final decree, other installments become due, they should be embraced in the decree. The court may decree a sale of the entire property, or a sale of so much as will satisfy the installments due and unpaid, or a sale subject to the payment of the installments falling due in the future. If a sale of the entire property is decreed, and it is not made subject to the payment of the installments falling due in the future, the court should direct that the decree should stand as a security for the payment of future installments, and that any surplus of the proceeds of sale should be brought into court, to await further orders and decrees when the remaining installments are due and payable.— *Mussina v. Bartlett*, 8 Port. 277; *Levert v. Redwood*, 9 Port. 79; *Walker v. Hallett*, 1 Ala. 379; *McLean v. Presley*, 56 Ala. 211. The mortgagor, by paying the installments which are due, is entitled to put a stop to further proceedings.—*Mussina v. Bartlett, supra; Saunders v. Frost*, 5 Pick. 259. There is no power in the court, if he make such payment, to render a conditional or provisional decree of foreclosure, to take effect if there should be default in the payment of the installments falling due in the future.—*Smith v. Smith*, 32 Ill. 198.

The decree of the chancellor is erroneous and must be reversed, and a decree will be here rendered dismissing the bill at the costs of the complainants and the defendant Fulgham

[Medical & Surgical Society of Montgomery Co. v. Weatherly.]

equally, without prejudice to the right to file a new bill, if there should be default in the payment of such of the installments as were unpaid, and falling due in the future, when the decree was rendered by the chancellor.