# Johnson *v.* Buckhaults.

## *Bill in Equity for Foreclosure of Mortgage.*

1. *Foreclosure of mortgage, when debt is payable in installments.*—When the mortgage debt is payable in installments, and default is made in the payment of any one of them, the mortgage may be at once foreclosed, and a sale of the property decreed, without waiting for the maturity of the other installments; unless this construction is repelled, expressly or by implication, by the terms of the instrument itself, which is to be construed most strongly against the mortgagor.

2. *Same; construction of mortgage.*—Where the mortgage debt is evidenced by a written instrument in the form of a promissory note, by which the mortgagors promise to pay and deliver twenty-four bales of cotton, in three annual installments of eight bales each; and the mortgage, setting out this instrument, is conditioned, "that if we [they] pay the said note on or before the same becomes due," with costs of recording, "then this conveyance to be void; but, if we [they] fail to pay said sum when due, then said B., his agents or assigns, are authorized to take possession of any or all of said property, and sell the same at public outcry for cash," after giving notice as prescribed, "and out of the proceeds of such sale to pay, first, the costs and expenses, and all costs of collecting; second, the amount, with interest, that may be due on the debt above mentioned, and the residue, if any, to the undersigned," mortgagors; the mortgage may be foreclosed, on default being made in the payment and delivery of the first installment of cotton, although the other installments are not due.

APPEAL from the Chancery Court of Butler.

Heard before the Hon. JOHN A. FOSTER.

The bill in this case was filed on 8th October, 1884, by George R. G. Buckhaults, against J. M. Johnson and Sarah Johnson; and sought to foreclose a mortgage on the tract of land, which the complainant had sold and conveyed to the defendants, taking the mortgage to secure their note or obligation for the agreed price. This obligation, which was dated " Greenville, Ala., Dec. 12th, 1882," signed by both of the defendants, and attested by two witnesses, was in these words: " On the first day of October, 1884, we promise to pay to Geo. R. G. Buckhaults eight (8) bales of lint-cotton; and on the first day of October, 1885, eight bales of lint-cotton; and on the first day of October, 1886, eight bales of lint-cotton; all to be delivered in Greenville, Alabama, weighing 500 lbs. each, and class low middlings." The mortgage, a copy of which was made an exhibit to the bill, was also dated December 12th, 1882, and set out this instrument on its face; purported to be given " for the further security of the above note," and was conditioned as

[Johnson v. Buckhaults.]

follows : " Upon condition, however, that if we pay the said note on or before the same becomes due, and also the expenses of probating and recording this instrument, then this conveyance to. be void. But, if we fail to pay said sum when due, then the said Buckhaults, his agents or assigns, are hereby authorized to take possession of any or all of the above conveyed property, and sell the same at public outcry for cash, before the court-house door in Greenville, after giving ten days notice of such sale," &c. ; " and, out of the proceeds of such sale, to pay, first, the costs and expenses of such seizure and sale, and of recording. and probating this instrument, and all costs of collecting ; 2d, the amount, with interest, that may be due on the debt above mentioned ; and the residue, if any, pay to the undersigned." The bill alleged that the defendants had failed to deliver any part of the eight bales of cotton which, by the terms of said written instrument, they bound themselves to deliver on the 1st October, 1884 ; and that they were cutting down, destroying and selling the timber on the mortgaged land, thereby greatly lessening its value. The bill prayed that the defendants be enjoined from cutting or selling any more timber until the final hearing of the cause ; that an account be taken "of the amount and value of the cotton due to complainant for the purchase-price of said lands, and also for costs of recording, collecting," &c. ; that a lien on the lands be declared in his favor, for the amount ascertained to be due to him ; " that said lien be foreclosed, in the event of a failure to pay said amount, and said lands be sold, as well for the payments not yet due as for the payment now due ; that the proceeds of such sale be applied to the payment of the costs of this case, and of the amount due to complainant ;" and for other and further relief, under the general prayer.

The defendants demurred to the bill, on the ground that it was prematurely filed, but the chancellor overruled their demurrer ; and his decree on the demurrer is now assigned as error.

J. F. STALLINGS, for the appellant, contended that, by the terms of the mortgage, there could be no foreclosure until the maturity of the entire debt.

GAMBLE & RICHARDSON, *contra*, cited *Mussina v. Bartlett*, 8 Porter, 277 ; *Levert v. Redwood*, 9 Porter, 79 ; *McLean v. Presley's Adm'r*, 56 Ala. 211.

SOMERVILLE, J.—A mortgage may be foreclosed, and a sale directed, when the first installment of the mortgage debt falls due, without waiting for the maturity of the other install-

ments, unless the mortgagee, by the very terms of the mortgage, is precluded, expressly or by implication, from the exercise of this right.—*McLean v. Presley*, 56 Ala. 211 ; *Walker v. Hallett*, 1 Ala. 379 ; *Levert v. Redwood*, 9 Port. 79 ; *Mussina v. Bartlett*, 8 Port. 277 ; 2 Jones on Mortg. § 1459.

In construing the terms of the instrument, the settled rule is, that all ambiguous or equivocal language must be construed most strongly against the mortgagors, the selection of such language being imputed to them.

The present debt is payable in three separate installments, only the first of which was due on the filing of the bill. The condition of the conveyance provides, that if the grantors "fail to pay said *sum* when due," the mortgagee is authorized to take possession and sell, and out of the proceeds, after paying certain costs and expenses, to pay "the amount, with interest, that may be due" on the mortgage debt. We are of opinion, that there was a breach of the condition of the contract by the mortgagors when they failed to pay the first installment of the debt when it fell due, there being nothing in the terms of the mortgage which can be construed to repel this construction. *McLean v. Presley*, 56 Ala. 211, *supra*.

If the mortgage is valid, and there is a right of foreclosure, it is immaterial whether the vendor's lien was waived or not. Hence, we do not consider this question.

There is no error in the rulings of the court on the demurrer to the bill, and the decree is affirmed.