[Fields v. Drennen & Co.]

# Fields *v.* Drennen & Co.

*Bill in Equity to enforce Vendor's Lien.*

1.  *Taking mortgage as waiver of vendor's lien.*—The taking of a mortgage by a vendor to secure the payment of the purchase money is a waiver of the vendor's lien.

2.  *Vendor and purchaser; foreclosure of mortgage for purchase-money; equity pleading.*—Where a bill, filed for the enforcement and establishment by sale of a vendor's lien, avers that the purchase-money was to be paid in instalments evidenced by promissory notes, to secure the payment of which a mortgage was given upon said lands, and that there had been default in the payment of some of said notes, and such bill also contains, in addition to the special prayer for the enforcement of the vendor's lien, a prayer for general relief, there is sufficient shown to authorize the foreclosure of the mortgage under the general prayer; and the bill as a bill for foreclosure is not rendered bad by the special prayer for the enforcement of a vendor's lien.

3.  *Mortgage securing debt payable in instalments; when can be foreclosed.*—When the purchase money of land secured by a mortgage is payable in instalments, in the absence of stipulations to the contrary, the mortgage is forfeited *pro tanto* by default in the payment of instalments as they fall due, and the mortgagee can proceed to the foreclosure of the mortgage; and if before final decree other instalments become due and are not paid, they should be embraced in the decree.

APPEAL from the Chancery Court of Blount.

Heard before the Hon. THOMAS COBBS.

The bill in this case was filed on December 14, 1896, by Drennen & Company. The bill averred that on July 30th, 1894, George C. Depoister, being the owner of certain described lands, sold said lands to J. N. Huddleston for the sum of $500, payable in five equal instalments, as evidenced by promissory notes, which were due as follows, respectively, November 15th, 1895; November 15th, 1896; November 15th, 1897; November 15th, 1898; November 15th, 1899; that to secure the payment of the purchase-money, and as a part of the same transaction, the purchaser, J. N. Huddleston, executed a mortgage to said Depoister upon said land,

[Fields v. Drennen & Co.]

and that said notes, at the time of the filing of the bill were all subsisting and unpaid. It was further averred in the bill that subsequent to this purchase, J. N. Huddleston, the purchaser, had executed other mortgages upon said land, and the mortgagees in these respective mortgages were made parties defendant. The appellant is one of the said mortgagees. It was also averred that complainants were owners of the mortgage executed to Depoister.

The prayer of the bill was as follows: "That upon a final hearing of said cause your honor will make a decree declaring your orator's debt a lien, the first lien upon said land, and that your honor will order an account to be taken and stated to ascertain the amounts due upon said notes and mortgage given by said Huddleston to said Depoister, and direct that said lands be sold to satisfy the lien or debt of your orators, and that your honor will grant all other and further, special and general relief as your orators may show that they are entitled to in the premises, as they will in duty bound they will ever pray." To this bill the respondents demurred upon the following grounds: 1. Said bill of complaint shows on its face that it is prematurely filed, as to all the alleged notes except two in the sum of one hundred dollars, each. 2. Said bill of complaint joins different and separate causes of action, and the suit is prematurely brought on all of them except two. 3. Said bill of complaint does not allege or show any default made as against the terms of the alleged mortgage, whereby any right of action has accrued to complainants. 4. Said bill of complaint does not allege or show any conditions and terms of the alleged mortgage given to secure said notes, nor is the alleged mortgage or notes made exhibits to said bill of complaint. 5. Said bill of complaint alleges that complainants hold a mortgage securing the notes given for the purchase money of lands, but fails to pray for a foreclosure of said mortgage as to any one of said notes. 6. If the allegations of the bill are true, complainants have no vendor's lien upon the lands, and they pray for no relief as mortgagees, or as the transferees of any mortgage. 7. Because said bill of complaint shows that at the time the said George C. Depoister sold said lands to the said J. N. Huddleston he waived his right to a vendor's lien by

taking a mortgage lien upon said land. 8. Because said bill fails to allege or show that there has been any default made against the terms of said mortgage, whereby complainants have any right to proceed under said mortgage.

Upon the submission of the cause on the demurrers, the chancellor rendered a decree overruling them. From this decree, one of the respondent appeals, and assigns the rendition thereof as error.

EMERY C. HALL, for appellant.—The bill alleges a mortgage, but fails to allege or show any condition broken or default made therein, which authorizes a suit for foreclosure. If the facts essential to the right of complainant are not clearly and distinctly alleged, the defect will be fatal, for no proof can be made of, or relief granted for facts not charged.—*Duckworth v. Duckworth*, 35 Ala. 74; *Sprague v. Shields*, 61 Ala. 428; *Walker v. Allen*, 72 Ala. 456.

INZER & WARD, contra, cited *Fulgham v. Morris*, 75 Ala. 245.

McCLELLAN, J.—The complainants, Drennen & Co., have no vendor's lien on the land involved in the case. Their assignor, Depoister, waived a lien for the purchase money when he took from the vendee a mortgage on the land to secure the payment of the purchase money.—28 Am. & Eng. Encyc. of Law, p. 179, note.

But the bill, containing, as we shall see it does, proper averments for the foreclosure of the mortgage, is not rendered bad as a bill for that purpose by a special prayer which might be construed to seek the establishment and satisfaction by sale of a vendor's lien, there being a general prayer under which the appropriate relief may well be granted.

The bill shows that the purchase money was to be paid in annual instalments, each evidenced by a promissory note, and that the mortgage was executed to secure the payment of the purchase money. On these facts without more it is to be presumed that the mortgage was conditioned for the payment of the several instalments as they matured, and that failure to pay any instalment at maturity is such default under the terms of

the mortgage—such a breach of its condition—as authorizes its foreclosure as to such instalment. It is averred that two of the instalments were past due and unpaid at time of bill filed. Complainant is, therefore, entitled to foreclose the mortgage for the payment of such instalments, and the decree should also embrace any instalment maturing after bill filed and prior to its rendition.—*Fulgham v. Morris*, 75 Ala. 245.

The foregoing disposes of all the points insisted on in the brief of appellant's counsel adversely to the appellant, and the decree overruling the demurrer to the bill must be affirmed.

Affirmed.