189 So. 740

### McGREGOR et al. v. SHIPP.
#### 8 Div. 973.

Supreme Court of Alabama.

June 1, 1939.

Rehearing Denied June 22, 1939.

J. N. Powell, of Hartselle, for appellants.

Ben L. Britnell and W. T. Lowe, both of Decatur, for appellee.

**FOSTER, Justice.**

The bill in equity was filed in this suit by appellant against Mary Jane Shipp, and sought a redemption of property from a mortgage made by complainant to J. L. Shipp in his life time. He alleges that the consideration of the mortgage is $350, balance owing for the purchase money of the land, but only one note of $100 and interest was then due. He alleges that respondent is a sister of the deceased mortgagee, and has been advised that she inherited all his property, and is threatening to foreclose the mortgage.

Respondent filed a cross-bill claiming to own the mortgage under a will of the mortgagor, which had been probated—she also had letters testamentary—and claiming that the consideration of the mortgage was the principal sum of $500, evidenced by five notes in the principal sum of $100 each. Only one was then due, but another became due before the final decree was rendered. The prayer was for a foreclosure of the mortgage.

On final decree, the court denied relief to complainant and dismissed the bill of complaint, but decreed a foreclosure of the mortgage for the satisfaction of the two notes then due, together with an attorney's fee, in default of the payment of same within thirty days, and found and decreed that the consideration of the mortgage was the principal sum of $500. The decree of foreclosure was in the usual form, and ordered the whole tract sold, but made provision for future maturing installments.

■■ The assignments of error are in two aspects: One, in dismissing the bill but decreeing foreclosure; two, that the will under which appellee claims the mortgage and the probate of it are not effective to accomplish that end. The second aspect of the assignments is patently without merit. There was indorsed on the will a certificate by the probate judge in the form prescribed by section 10617, Code. When so, the will is admissible in evidence without further proof. Section 10618, Code. The terms of the will are clear enough that this mortgage passed under the residuary clause to this appellee.

■■ There is ample authority to foreclose a mortgage if one of several installments is due though others are not; and if another matures pending suit to include that also. Fulgham v. Morris, 75 Ala. 245; Johnson v. Buckhaults, 77 Ala. 276, 277; Arnett v. Willoughby, 190 Ala. 530, 67 So. 426; Fields v. Drennen, 115 Ala. 558, 22 So. 114.

Our attention is called to the fact that the whole tract is ordered sold, though only part of the debt is past due and unpaid, and there is no acceleration clause.

■ The rule is this connection, as declared by the authorities and supported by section 9015, Code, is that if the mortgaged property can be sold in parcels without injury to the interests of the parties, the decree must direct that no more of the property be sold in the first place than is sufficient to satisfy the sum then due with costs and expenses; and upon a subsequent default complainant may apply for an order directing a sale of the residue or so much as is then necessary: this procedure to continue as often as a default occurs. 1 Wiltsie on Mortgage Foreclosures, section 683, pages 877, 878; Levert v. Redwood, 9 Port. 79; Arnett v. Willoughby, supra, 190 Ala. at page 537, 67 So. at page 426; section 9015, Code.

■ But if the court finds that a sale of the whole will be most beneficial, the whole may be sold in the first instance, though all the installments are not due. If the proceeds of sale exceed the amount then due with costs and expenses, the balance may be applied to the payment of installments not due, with rebate of interest, or be invested at interest under direction of the court to be collected and paid from time to time as such installments mature. 1 Wiltsie on Mortgage Foreclosures, page 878; Fulgham v. Morris, supra; 42 Corpus Juris 312, section 2014.

■■ There is no complaint here made as to that aspect of the decree which orders the whole sold. The decree makes provision that the excess be retained in court to meet future installments. We do not think a lending of the money at interest would be as satisfactory as a present payment of such installments with rebate of interest. It should not be kept in

**224**

court for an appreciable time without lending at interest. We therefore think that the decree should be so modified as that any balance of such proceeds, which exceeds present needs, may be applied to the payment of future maturing installments with proper allowance for interest. This modification will be included in our decree.

We can see no prejudice to appellant resulting from a dismissal of his bill, since the decree granted him all the relief he was entitled to had it been predicated on the bill as for redemption instead of on the cross-bill as for a foreclosure. The same sort of relief was due in either aspect. Thomas v. Barnes, 219 Ala. 652, 123 So. 18; Haralson v. Whitcomb, 200 Ala. 165, 75 So. 913.

There would have been error in dismissing the bill unless the relief due under it had been otherwise included in the decree. Adams v. Whitehead, 234 Ala. 389, 175 So. 356.

The costs in the trial court other than on appeal were properly chargeable to appellant, since the only controversy between the parties was properly decided against appellant. Moore v. Berryman, 224 Ala. 555, 141 So. 192; Bank of Luverne v. Turk, 222 Ala. 549, 133 So. 52; Macke v. Scaccia, 222 Ala. 359, 132 So. 880.

We agree with the finding of the court that the consideration of the mortgage was the principal sum of $500. The mortgage had not been placed in an attorney's hands for collection when this bill was filed seeking a redemption. The notes provide for a reasonable fee for collection by an attorney. The mortgage provides for an attorney's fee for foreclosing under the power. Neither of them provides for an attorney's fee for defending a suit to redeem.

But a cross-bill to foreclose is a proceeding to collect. So that if complainant pays the full amount of the two notes with interest and costs without an attorney's fee, the mortgage should not be foreclosed. But if not so paid, the foreclosure should be had as ordered, and as here modified, for the full amount of the two notes, costs and attorney's fees. DeMoville v. Merchants & F. Bank, Ala.Sup., 186 So. 704, 705(26) ;[1] Kelly v. Carmichael, 221

Ala. 371, 129 So. 81; 14 Alabama Digest, Mortgages, ☞581(4), page 812.

The decree of the trial court is corrected so as to allow appellant the right within thirty days from this date to pay into the circuit court in equity the sum of $216.67, with interest from January 12, 1939, at six per cent. per annum, and all costs of the circuit court, except the costs of appeal. If he fails to do so, the foreclosure will proceed as ordered, subject to the modification made with respect to any surplus over and above the amount necessary to pay the notes with interest, attorney's fee and costs and expenses. If he pays the amount so ordered within the time here provided, the circuit court will make an appropriate order disposing of the cause.

The costs of appeal in this Court and in the circuit court are taxed one-half against appellant and appellee each separately.

Modified and affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.

