13 So.2d 408

## ALSUP v. SOUTHERN MFG. CO.

### 7 Div. 703.

Supreme Court of Alabama.

March 11, 1943.

Rehearing Denied May 13, 1943.

Motley & Motley, of Gadsden, for appellant.

Hood, Inzer, Martin & Suttle, of Gadsden, for appellee.

BOULDIN, Justice.

Appellant filed her bill in equity to cancel a mortgage on real estate, or to redeem upon payment of the balance due on the mortgage debt, if any, praying for ascertainment of same, offering to pay, and to do equity. The bill dealt only with a mortgage given to appellee on the west 60 feet of lot No. 116 in original survey of Gadsden, etc., to secure an indebtedness of $2,414.56.

Respondent filed an answer and cross-bill denying payment of the mortgage debt, and disclosing: That respondent had, by assignment, acquired a senior mortgage of $400 given by appellant to Hugh Hecht, covering entire lot No. 116, and had paid a small item of insurance, and another to remove a mechanic's lien on the improvements; that at the time of filing the bill the respondent was proceeding to foreclose both mortgages, under powers of sale; and pending the suit, on the same day the bill was filed, did so foreclose and respondent became the purchaser of the entire property, at and for the sum of $1,000; that a foreclosure deed was executed, and demand for possession refused.

The cross-bill prayed for a confirmation of the foreclosure proceedings and a writ of assistance to put respondent in possession. Demurrer to the cross-bill being overruled, the complainant filed an answer, a general denial only. Complainant, in her testimony, made no contention that the debt was fully paid. The averment of the bill in that regard was pro forma. On a reference the amount of the indebtedness, including both mortgages, was ascertained and decreed to be the sum of $2,690.42, a sum substantially less than claimed in statements theretofore rendered to the mortgagor by the mortgagee.

On re-reference, an attorney's fee for respondent's counsel for services rendered on behalf of the mortgagee prior to the filing of the bill was fixed at $150, making the total debt $2,840.42. The court on final decree overruled exception to the last report of the register, and decreed that on payment by complainant of the sum of $2,840.42, interest thereon since the date of the report, and the costs of suit, within ten days of the date of the decree, the mortgages and foreclosure deed be decreed null and void, and proper entries be made on the records; but on failure to so redeem the foreclosure deed be ratified and confirmed and all right, title and interest of complainant be divested.

Assignments of error insisted upon in argument challenge the ruling on demurrer to the cross-bill, on the ground that a cross-bill was unnecessary, since the respondent could have all the relief it was entitled to under the original bill and answer. In ordinary cases of this kind it is well settled that a cross-bill is unnecessary, and, if unnecessary, should be stricken on demurrer. The relief on original bill may be so molded as to effectively cut off all rights of redemption if complainant fails to exercise the right of redemption, when the terms of redemption are decreed, and a reasonable time given to comply with offer to pay. Haralson v. Whitcomb, 200 Ala. 165, 75 So. 913; Emens v. Stephens, 233 Ala. 295, 172 So. 95; Hinds v. Federal Land Bank, 235 Ala. 360, 179 So. 194; Patton v. Birmingham Trust & Savings Co., 235 Ala. 586, 180 So. 264; Wood v. Amos, 236 Ala. 477, 183 So. 639.

Still, in the absence of injunction, the mortgagee may, pending the suit, proceed to foreclose under power of sale; any such sale being subject to the lis pendens of the suit, to be vacated upon redemption pursuant to the decree; but on failure to redeem, may be confirmed or set aside as the equities of the case shall appear. Wesson v. Taylor, 240 Ala. 284, 198 So. 848; Beasley v. Ross, 234 Ala. 335, 174 So. 764.

As above noted, the original bill sought redemption from the mortgage given respondent only, covering a portion of lot No. 116. That portion was also subject to the Hecht mortgage, covering the entire lot. Complainant was not entitled to redeem the parcel covered by respondent's mortgage without paying off this senior mortgage held by respondent when bill filed. In this situation a cross-bill setting up the Hecht mortgage, and bringing the other portion of lot No. 116 covered thereby within the jurisdiction of the court as part of the res was proper. This to the end that the equities between the parties be fully determined.

In view of the limited coverage of the original bill, there was equity in the cross-bill. Demurrer for want of equity was not well taken. The other grounds assigned went merely to the question of full relief being obtained under the original bill. There was no error in overruling the demurrer for reasons above indicated. Stearnes v. Woodall, 218 Ala. 128, 117 So. 643; McGregor v. Shipp, 238 Ala. 221, 189 So. 740; Patterson v. Lovelady, 233 Ala. 554, 172 So. 646.

It does not follow that the final decree as rendered was free from error. A sale under power in the mortgage pending a bill to enforce the equity of redemption, being subject to lis pendens, is not calculated to result in the property bringing its full value. The status quo tends to discourage all bidders other than the mortgagee. Good practice would suggest such sale be not confirmed without a showing that the property brought its reasonable value. Powers of sale should not be executed oppressively.

There was no averment or proof that the property brought its full value, nor was there averment or proof on the part of the mortgagor that it did not; nor is the want of averment and proof on this point raised by appellant here. Hence, the point is not for decision on this appeal. We indulge in these comments for guidance in the future.

Complainant by assignment of error and argument, we think, does sufficiently challenge the regularity of the sale under the powers.

Here, the senior mortgage covered two properties, the junior mortgage only one. The property was sold as a whole and purchased for a lump sum. Powers of sale in several mortgages on the same property held by one person may all be executed in one sale on proper notice, no intervening equity preventing. Narrell v. J. R. Phillips Mercantile Co., 185 Ala. 141, 64 So. 305. Here, the mortgagor had the right to pay off the senior mortgage in full, thus clearing one parcel of any mortgage lien, and

reducing the demand against the other parcel to the balance due on the junior mortgage.

On proper pleading the amount of indebtedness under each mortgage should have been ascertained, and complainant granted the privilege to redeem the parcel covered by the senior mortgage alone upon payment of the senior mortgage debt in full, and such other items as equity would demand.

While appellant so contends in brief on appeal, our attention is called on the rehearing to the fact that complainant never asked for such relief. Indeed, the only relief sought in the billl was redemption of the parcel covered by the junior mortgage. A reference was had by agreement to ascertain the indebtedness secured by "both mortgages" and no exception was taken to the report for failure to ascertain the amount due on each. We find no error in the amount so found; and, hence, no error in decreeing redemption on payment of the whole debt.

■ As for attorney's fees allowed, services rendered in the prosecution of the cross-bill, properly filed, were services rendered in the collection of the debt, for which a reasonable fee was due to be allowed as per the terms of the notes. McGregor v. Shipp, supra; DeMoville v. Merchants & Farmers Bank, 237 Ala. 347, 186 So. 704, 705(26); Kelly v. Carmichael, 221 Ala. 371, 129 So. 81; 14 West's Alabama Digest, Mortgages, ⊕ 581(4), page 812.

The amount of the attorney's fee decreed and added as a part of the mortgage debt to be paid on redemption was reasonable, and complainant has no ground to complain in this regard. It does not follow, however, that the court should have confirmed the foreclosure sale upon failure of plaintiff to effectuate her equity of redemption by compliance with the terms decreed.

■ The foreclosure under the powers of sale was irregular as before indicated. In such case it should not be confirmed unless shown not to have been oppressive, or otherwise injurious to complainant. In the state of this record, the decree in that regard was erroneous, and is due to be reversed. We are of opinion the ends of justice will probably be better met by a reversal of the final decree in toto, and the cause remanded for further proceedings as the parties may be advised. The former opinion is thus modified. This calls for no modification of the judgment here rendered. The application for rehearing is, therefore, overruled.

Opinion modified and application for rehearing overruled.

GARDNER, C. J., FOSTER, and LAWSON, JJ., concur.