26 So.2d 261

### DORTY v. SOLES et al.

#### 4 Div. 378.

Supreme Court of Alabama.

May 16, 1946.

Rehearing Denied June 13, 1946.

Murphy & Cook and E. O. Baldwin, all of Andalusia, for appellees.

C. B. Fuller, of Andalusia, for appellant.

LIVINGSTON, Justice.

The appeal is from a decree of the Circuit Court, in Equity, of Covington County, Alabama, denying the relief prayed for in appellant's bill of complaint, and dismissing the bill.

The following facts seem to be uncontroverted: Mrs. Johnnie Dorty, the complainant in the court below, appellant here, was, on and prior to February 23, 1935, the owner of the real estate involved in this suit. On February 23, 1945, Mrs. Dorty and her husband, Frank Dorty, signed a mortgage conveying the real estate involved to respondent Elza Walker, to secure an indebtedness of $250. On July 31, 1937, Mrs. Dorty and her husband, Frank Dorty, signed a mortgage conveying the real estate involved to respondent O. H. Allen to

secure the payment of an indebtedness of $400. On August 4, 1937, O. H. Allen transferred and assigned the $400 mortgage to Elza Walker. On December 23, 1938, both the above mentioned mortgages being past due, Elza Walker undertook, under the powers in said mortgages, to foreclose the same and purchase the real estate described therein at foreclosure sale. Both mortgages being advertised for foreclosure in one and the same notice and foreclosed at one and the same time.

The bill of complaint now considered was filed on December 20, 1940. Analysis of the bill of complaint shows that it has three aspects or phases. (1) The bill is filed by one out of possession of the lands for the purpose of cancelling the mortgages and the foreclosure deed on the theory that both mortgages were given to secure the debt of the husband of the mortgagor; that said mortgages had been paid; and, further, that the $250 mortgage is void because executed and delivered without the assent and concurrence of the mortgagor's husband, as required by section 73, Title 34, Code of 1940. (The demurrers filed do not question the propriety of the bill on the ground that complainant is out of possession.) (2) To exercise the equity of redemption, and (3) to exercise the statutory right of redemption.

■ Neither the allegations of the bill nor the evidence offered in support of it are sufficient to sustain a bill filed under and by virtue of section 727 et seq., Title 7, Code of 1940, to redeem real estate. "The right of one, after foreclosure, to redeem the property is a right conferred exclusively by statute, and the condition upon which this right may be exercised is, that the person undertaking to redeem, shall comply fully, not partially, with the terms of the statute conferring the right, or must show some valid reason for his failure in any particular." Wilkes v. Hood, 237 Ala. 72, 185 So. 748, 751; Francis et al. v. White, 142 Ala. 590, 39 So. 174.

■ Appellant did not allege and prove a tender, nor did she allege and prove the making of a written demand for a statement in writing of the debt and all lawful charges of the purchaser or vendee, and a failure or refusal for ten days to furnish such a statement; or the furnishing of such a statement as to excuse tender. Slaughter v. Webb, 205 Ala. 334, 87 So. 854; Wilkes v. Hood, supra; Lavretta v. L. Hammel Dry Goods Co., 243 Ala. 34, 8 So.2d 264. No showing is made in either allegation or proof that appellant did not know and could not ,ascertain the amount necessary to redeem under the statute. Section 727 et seq., Title 7, Code of 1940.

■■ That phase or aspect of the bill seeking to exercise the equity of redemption cannot be maintained, if the equity of redemption was cut off by the foreclosure of December 23, 1940, and it was so cut off, if either mortgage was valid and was legally foreclosed.

A careful consideration of the evidence convinces us that neither mortgage was given by the wife, appellant here, to secure the debt of the husband, prohibited by section 74, Title 34, Code of 1940. Powers of sale in several mortgages on the same property held by one person may all be executed in one sale on proper notice, no intervening equity preventing. Narrell v. J. R. Phillips Mercantile Co., 185 Ala. 141, 64 So. 305; Alsup v. Southern Manufacturing Co., 244 Ala. 330, 13 So.2d 408. The fact, if it be a fact, that the $250 mortgage was and is void because of a failure to comply with section 73, Title 34, Code of 1940, does not render the foreclosure sale void or voidable. The $400 mortgage being valid and the foreclosure of it in all respects regular and in accordance with the powers contained in it, appellant's equity of redemption is thereby effectively cut off. Under a bill to exercise the statutory right to redeem the validity of the $250 mortgage would be material in determining the amount of the debt and lawful charges due.

Appellant was not entitled to recover under that aspect of her bill seeking to exercise the equity of redemption.

As already indicated, a careful consideration of the evidence convinces us that neither mortgage was given by the wife to secure the debt or debts of the husband. Further, we are not reasonably satisfied by the evidence that the mortgagor, before foreclosure, put the mortgagee in possession of the mortgaged premises with the

understanding that the mortgagee would rent the same, collect the rents and apply said rents to the payment of the mortgage indebtedness.

We are in accord with the decree of the trial court, which is due to be, and is, affirmed.

Affirmed.

GARDNER, C. J., and BROWN and SIMPSON, JJ., concur.