# Richardson *v.* Dunn.

*Bill in Equity by Judgment Debtor, for Redemption of Land sold under Execution.*

1. *Bill to redeem; averment as to delivery of possession to purchaser.* When lands sold under execution are, at the time of the sale, in the possession of a tenant, to whom notice is given by the purchaser, and from whom he afterwards collects rents (Code, § 2878); these facts being averred in a bill to redeem by the judgment debtor, it is unnecessary that he should also aver that he delivered possession to the purchaser within ten days after the sale.

2. *Same; entire or partial redemption.*—Where several lots are included in one sale under execution, and the defendant has no title to one of them, he may maintain a bill to redeem the others, averring his want of title to the omitted lot, and tendering the entire amount due, without any deduction on account of it.

3. *Same; what are "lawful charges" to be tendered.*—The "lawful charges" which the judgment debtor, seeking to redeem, is required to pay or tender (Code, § 2879), include only claims and demands which are in the nature of a lien or incumbrance on the land; and neither insurance on buildings paid by the purchaser, nor a judgment rendered by a jus-

tice of the peace, unless an execution thereon has been levied on the land, is embraced in such lawful charges.

4. *Same; tender of conveyance to be executed by purchaser.*—If an averment of a tender of a conveyance, to be executed by the purchaser, be necessary to the equity of a bill to redeem in any case, an averment that the defendant denies the complainant's right to redeem dispenses with its necessity, since it shows that such tender would be nugatory.

APPEAL from the Chancery Court of Mobile.

Heard before the Hon. JOHN A. FOSTER.

The bill in this case was filed on the 29th September, 1885, by Mark W. Dunn, against William E. Richardson; and sought to redeem certain lots of land in Mobile, which had been sold under execution against the complainant, and purchased by the defendant. The sale was made on the first Monday in January, 1885, under a judgment for $131.21, besides costs, in favor of Bernard Moog, the defendant becoming the purchaser, at the price of $165, and receiving the sheriff's deed. The lands sold consisted of four lots within the corporate limits of the city of Mobile, and a parcel of land containing about five acres, which was situated about eight miles distant from the city; and all these were sold, as the bill alleged, "in a lump." It was further alleged that one of the lots included in the sale was vacant, and the complainant had no title whatever to it, it having been conveyed to his deceased father by mistake; that the other lots were occupied by tenants at the time of the sale, who were paying monthly rents to the complainant; that the defendant notified these tenants of his purchase, and required them to pay rent to him, and collected rents from them, "and has ever since been in possession of said property;" that on the 11th September, 1885, complainant tendered to said Richardson the sum of $345.04, the amount due on a redemption of the property, but Richardson "refused to receive the same, and refused to make any reconveyance of said property to him, and denied his right to redeem at all, and still holds possession of said property, collecting the rents." A list of the items making the sum tendered, $345.04, was made an exhibit to the bill; and also a copy of the account furnished by the defendant, which aggregated $625.85. Each of these accounts included a judgment for $98.50, in favor of L. Brewer & Co., which the defendant claimed to have bought; but the bill alleged that the judgment was rendered by a justice of the peace, and that no execution on it had ever been levied on the lands. The account furnished by the defendant also included items of about $50, insurance paid on the houses, and $275 paid for a new house erected on the vacant lot; and the complainant denied that these were lawful charges.

The defendant demurred to the bill, and also moved to dis-

[Richardson v. Dunn.]

miss it for want of equity, assigning as grounds of demurrer—
1st, that it did not allege that the complainant delivered the
possession of the property to the defendant, or that defendant
consented that he might retain the possession; 2d, that it
showed on its face complainant's refusal to pay for the improve-
ments and insurance premiums paid; 3d, that it sought to re-
deem only a portion of the property sold, and showed that the
complainant himself still retained the possession of the five
acres of land in the country; 4th, that it did not aver a tender
of a conveyance to be executed. The chancellor overruled the
motion and the demurrers, 'and his decree is now assigned as
error.

McINTOSH & RICH, and W. E. RICHARDSON, for appellant.
A delivery of possession to the purchaser, within ten days after
the sale, is a condition precedent to the judgment debtor's
right of redemption; and such delivery of possession must be
averred in the bill, else it is wanting in equity.—Code, § 2878;
*Stocks v. Young,* 67 Ala. 341; *Sanford v. Ochtalomi,* 23 Ala.
669; *Paulling v. Meade,* 23 Ala. 505. The fact that a part
of the land is in the possession of tenants, from whom the pur-
chaser afterwards collected rents, can not dispense with a strict
compliance with this statutory requirement; for the possession
must be delivered within ten days after the sale, and the no-
tice to the tenants, whereby the purchaser may perfect his right
against them, can not be given until after the expiration of ten
days. If the fact of tenancy can avoid the statutory requisi-
tion in any case, it can not have that effect here, where only
the city lots were in the possession of tenants; the five acres in
the country being in the possession of the complainant himself,
or not shown to be in the possession of tenants. The right of
redemption is entire, and it can not be enforced as to a part
of the property sold. If the complainant has perfected his
right of redemption, he has an adequate remedy at law.—*John-
son v. Nabring,* 50 Ala. 396.

OVERALL & BESTOR, *contra.*—A delivery of possession to the
purchaser is only necessary when the defendant himself is in
possession at the time of the sale; if the land is in the posses-
sion of tenants, the statute gives the purchaser a remedy against
them.—Code, § 2878.

The sum tendered by the complainant embraced all the law-
ful charges.—*Palmer v. Palmer.* 74 Ala. 289; *Gregg v. Banks,*
59 Ala. 317; *Couthway v. Berghaus,* 25 Ala. 393. The alleged
denial of the right to redeem waived the necessity for any ten-
der at all.—17 Ala. 502; 29 Ala. 298; 74 Ala. 288. The de-
fendant is left in possession of the vacant lot, on which he has

[Richardson v. Dunn.]

erected his improvements, and which does not belong to the complainant; and he certainly can not complain of this.

SOMERVILLE, J.—If we admit the principle, that where the lands of a judgment debtor have been sold under execution, and he files a bill to redeem under the provisions of the statute, the bill is wanting in equity, where it shows that he has continued in the actual possession of the lands, without offering to surrender such possession to the purchaser within ten days after the sale, unless by consent of· such purchaser; this can not be the rule, where the lands are shown to be in the possession of a tenant. The statute expressly provides for a case like this, in the following language. After declaring that "the possession of the land must be delivered to the purchaser, within ten days after the sale thereof, by the debtor, *if in his possession*, on demand of the purchaser, or his vendee," it is added : "If the land is in the possession of a tenant, *notice* to him by the purchaser, or his vendee, of the purchase, after the lapse of ten days from the time of the sale, and that it has not been redeemed, *vests the right* to the possession in him, *in the same manner as if such tenant had attorned to him*."—Code, 1876, § 2878. The legal effect of such notice, when given, is to constitute the tenant in possession the, tenant of the purchaser, and thereby to abrogate his fealty to the former owner, transfer his possession to the·purchaser, and substitute the latter as his future landlord, with the ordinary rights growing out of this relationship.—*Comer v. Sheehan*, 74 Ala. 452, 458. The bill avers the facts, that the land sought to be redeemed was in the possession of tenants; that the defendant had given the statutory notice to them, and had since that time been collecting the rents without molestation. This was a sufficient averment of a transfer of the possession of the lands to the defendant, and an offer to surrender under such circumstances was more than nugatory.

The bill, it is true, does not offer to redeem one of the lots, which was supposed to have been sold by the sheriff under the execution; and objection is taken to this, by demurrer. It is averred, however, that the complainant never had any title or interest in this lot, and therefore none was purchased by the defendant which he could redeem. The facts are stated which show this to be true. No deduction from the amount of the purchase-money is asked on this account, but the tender made was for the whole amount bid, with ten per cent. *per annum*, and other lawful charges. This objection is clearly without merit.

The amount paid by the defendant for insurance against fire was not a lawful charge for which he was entitled to reimbursement. Nor was the amount of the justice's judgment purchased

[Levy & Co. v. Williams.]

by him from Brewer & Co., unless execution had been issued on it, and levied on the lands, so as to constitute a lien on them. The phrase "lawful charges," as used in the statute, has been construed not to include any claim or demand held by the purchaser, except such as may be in the nature of a lien or incumbrance on the land.—*Parmer v. Parmer*, 74 Ala. 284, 289, and cases there cited.

If it be true that the complainant should have prepared and tendered a deed of conveyance to the defendant, for his signature, and that, in ordinary cases, this fact must be averred in a bill to redeem, in order to give it equity ; it may be answered, that the bill avers a denial on the part of the defendant of complainant's right to redeem in any event, and this would be a sufficient and valid excuse for failing to prepare and tender such deed, which, it must be presumed, would have been entirely fruitless.

The decree of the chancellor, overruling the demurrer, and refusing to dismiss the bill for want of equity, is free from error, and must be affirmed.

