# Chambers *v.* Pollak.

*Bill in Equity to Redeem Real Property by Assignee of Judgment Creditor.*

1. *Statutory right of redemption; not exercisable by assignee of judgment creditor.*—The assignee of a judgment creditor cannot exercise the right of redemption conferred upon the judgment creditor by section 3510 of the Code; said privilege being personal to those named in the statute, is non-assignable.

APPEAL from Chancery Court of Jefferson.

Heard before Hon. A. H. BENNERS.

This was a bill filed by Laura L. Chambers, appellant, seeking to exercise, as the assignee of a judgment creditor, the right of redemption conferred by section 3510 of the Code. The facts of the case are sufficiently stated in the opinion.

POWELL & BLACKBURN, for appellant, cited:—*Walden v. Speigner*, 87 Ala. 379; *Jones v. Smith*, 92 Ala. 455; *Ruse v. Bromberg*, 88 Ala. 619.

[Chambers v. Pollak.]

RICHARD H. FRIES, contra, cited:—*Pritchard v. Swee-ny*, 109 Ala. 656; *Terry v. Allen*, 132 Ala. 659; *Powers v. Andrew*, 84 Ala. 291; *Aiken v. Bridgford*, 84 Ala. 295; *Commercial R. E. & B. A. v. Parker*, 84 Ala. 300; *Burke v. Brewer*, 133 Ala. 392; *Parmer v. Parmer*, 74 Ala. 285; *Childress v. Monette*, 54 Ala. 317; *Otis v. McMillan*, 70 Ala. 46; *Owen v. Kilpatrick*, 96 Ala. 424.

TYSON, J.—In December, 1902, one Pollak recovered a judgment against William L. Chambers upon which execution was issued and levied upon certain lands belonging to the defendant Chambers. Under this levy the land was sold by the sheriff in February, 1903, and the respondent became the purchaser.

In September, 1894, the First National Bank of Decatur recovered a judgment against Chambers and on the 26th day of September, 1899, for value transferred the judgment to the complainant, who now seeks, by this bill, to exercise the statutory right of redemption as a judgment creditor of Chambers.

On motion, the bill was dismissed for want of equity. The question, therefore, presented for our determination is, whether the complainant is a judgment creditor within the meaning of § 3510 of the Code.

That section reads: "All judgment creditors of the debtor, who, without fraud or collusion, had obtained such judgment before the sale of the land  *  *  *  *  * may in like manner redeem the land from such purchaser or any one claiming under him," etc., etc.

Previous to the amendment of § 3505, a vendee, junior mortgagee or assignee of the equity of redemption, all of whom may have acquired their rights to the land from the debtor prior to the sale, were not permitted to exercise the statutory right, because not named in the statute, although the debtor himself, his executor, or administrator, his heirs and devisees could do so, because they were named.—*Powers v. Andrews*, 84 Ala. 287. It was there said, "That the privilege is neither property nor right of property, and can only be exercised by the persons named in the statute." See also *Aiken v. Bridgeford*, 84 Ala. 295; *Commercial R. E. & B. Association v. Parker*, Ib. 298.

In consonance with this principle it has been uniformly held that the privilege, being personal to those named in the statute, is non-assignable.—*Terry v. Allen,* 132 Ala. 657; *Commercial R. E. & B. Association v. Parker, supra.*

While the complainant acquired a title to the judgment by the transfer and the right to enforce it against the defendant therein, she did not by its transfer acquire the personal privilege conferred by the statute upon her assignor *who obtained* the judgment. In other words, an assignee or transferee of a judgment, by the creditor who obtained it, is not named in the statutes.

Affirmed.

McCLELLAN, C. J., DOWDELL and DENSON, J.J., concurring.