# Strickland & Co. *v.* Lesesne & Ladd.

## *Trial of Right of Property.*

(Decided April 22, 1909.  49 South. 233.)

1. *Execution; Levy; Claim to Property; Burden of Proof.*—Where judgment creditors show a judgment against the defendant execution thereon, and levy on the property in the possession of the defendant in execution, a prima facie case is made out casting the burden on the claimants to show a better claim or title.

2. *Same; Equitable Title; Sufficiency.*—An equitable title will support a claim under the statute by third persons to property levied under execution in a trial of the right of property.

3. *Assignment; Choses in Action; Requisites.*—An assignment of a chose in action is not required to be as formal as required by the common law; it may be done either legally or equitably in writing, by parol or otherwise; however, enough must be done to show an intention to transfer or assign at once, as distinguished from a mere offer or purpose to do so, and the owner of the chose must do or say something indicating a transfer of his claim or right to another, and this rule applies as to the formal requisite of an assignment by a landlord of his claim for rent and advances and the lien therefor.

4. *Bills and Notes; Assignment; Requisites.*—There was nothing to indicate a present assignment of the notes where the landlord wrote to third persons to know about his tenant's rent stating that most of the time he just got a check for the amount when it was due and that he thought possibly this would suit them now; that the note was for a certain amount which would be due about a certain time, and if this suited them the tenant could start shipping cotton to them as soon as he could get it out; that as the writer did not care to handle any cotton all the notes that the tenant had turned over to him, he would deliver to them through his banker and would see

that the sub-tenant turned their cotton over to them on the plaintiff's account, and that he desired them to do the best they could for the tenant in price of cotton, etc.

APPEAL from Marengo Circuit Court.

Heard before Hon. JOHN T. LACKLAND.

Action by E. Strickland & Co., against Zenus Forney, in which plaintiffs levied an execution on defendant's property, to which Lesesne & Ladd filed a claim. From a judgment for the claimants, plaintiffs appeal. Reversed.

E. Strickland & Co. had judgment in the circuit court of Marengo county against Zenus Forney in the sum of $348, on which an execution issued and was levied upon certain live stock as the property of said defendant. Lesesne & Ladd filed a claim thereto under the statute, and on issue made up between them by the court the plaintiff introduced evidence of a judgment, execution thereon, and its levy upon the property in the possession of the defendant. The claimants introduced J. E. Alston, whose testimony showed that he was the landlord of Zenus Forney, and that Zenus Forney executed to him a note for the rent for the current year 1907, in the sum of $579.40, which note was introduced in evidence, as also a letter, written September 5, 1907, to Messrs Lesesne & Ladd, at Mobile, Ala., which letter was in words and figures, as follows: "I write you to know about Zenus Forney's rent. Most of the time he just gives me a check for his rent when it is due. I thought possibly this would suit you, too. His note is for $579.40, which will be due about the 1st of October, and, of course, if this suits you, he can start to shipping to you as soon as he gets it out; and, as I don't care to handle any cotton, all the notes he has turned over to me, I will turn to you through my banker, and I will see they turn their cotton over to you on Zenus' account,

[Strickland & Co. v. Lesesne & Ladd.]

and I want you to do the best you can for him in price,"
etc. Claimants also offered a sight draft, drawn by the
defendant, Zenus Forney, upon them, payable to the
order of J .E. Alston, for the sum of $579.40, which was
paid by them. The plaintiffs then offered in evidence
the fact that this note was indorsed to one W. J. Smiley
by Alston as collateral security for an account to be
made and that was made between Alston and Smiley, and
that the note had remained with Smiley from the time of
its indorsement as collateral security to Smiley until the
day before the trial, when Alston had procured it from
Smiley. It was shown that Forney had not paid the rent
notes, except by the drafts given on the claimants, and
had not repaid claimants the amount of said draft. At
the conclusion of the testimony the trial court gave the
affirmative charge for claimant as to the two mules,
Molly and Beck, which were mentioned and included in
the rent notes.

WILLIAM CUNNINGHAM, for appellant.—The plain-
tiffs made out a prima facie case.—*Shahan v. Herzberg,*
73 Ala. 62; *Jackson v. Bain,* 74 Ala. 330; *Ross v. Law-
son,* 105 Ala. 351; *Ross v. Ringman,* 40 South. 81. This
shifted the burden to the claimants.—*Jackson v. Bain,
supra; Ivey v. Coston,* 134 Ala. 259; *Bennett v. McKee,*
144 Ala. 601; Sec. 6093 and 6043, Code 1907. The affi-
davit is fatally defective; the proceedings constitute a
suit (*McAdams v. Beard,* 34 Ala. 478) the names of the
partners composing the firm are not set out (*Simmons v.
Titche,* 102 Ala. 317) and the character of the claim is
not fully set forth.—Section 4734, Code 1907; *King v.
Henderson,* 142 Ala. 460. The claim suit should have
been instituted by Smiley and not by the claimants.—
*Cecil & Co. v. Folmar,* 103 Ala. 491; Secs. 6039 and 4737,
Code 1907.

CANTERBURY & GILDER, for appellee.—Counsel insist that the court properly gave the affirmative charge since the landlord had a lien for the property advanced as well as the rent.—Sec. 4734, Code 1907; *Holliday v. Rutledge,* 39 South. 613. All that was necessary was to show the amount due and that it was unpaid.—*King v. Henderson,* 142 Ala. 460. The claimant succeeded to the right of the landlord and was entitled to collect.—*Carter v. Fields,* 130 Ala. 435. The claim of the landlord may be assigned, and this may be done by parol.—*Wells v. Cody,* 112 Ala. 278; *Fairbanks v. Sargeant,* 6 L. R. A. 475; Sec. 4737, Code 1907; 1 A. & E. Ency. of Law, 34; *Bennett v. McKee,* 144 Ala. 601. If any amount remained due the claimant he is entitled to recover.—*Holliday v. Rutledge,* 39 South. 613; *Smith v. Huddleston,* 103 Ala. 223.

ANDERSON, J.—This was a trial of the right of property between the plaintiff in execution and the claimants, who set up title as the assignee of the defendant's landlord. The plaintiff made out a prima facie case, and it was incumbent upon the claimants to show a better claim or title. There was no proof that Alston, the landlord, ever assigned his lien to the claimants, unless such can be inferred from the letter written to the claimants. There is no doubt but what an equitable title will support a claim under the statute upon the trial of the right of property. Nor is the assignment of a chose in action, or a landlord's claim for rent and advances, and the lien for same, required to be as formal as was required by the common law. It may be done either legally or equitably, in writing, by parol, or otherwise.— *Wells v. Cody,* 112 Ala. 278, 20 South. 381. There must be enough done, however, to evince an intention to transfer or assign eo instante, as distinguished from a mere

offer or purpose to do so.  The owner must do or say something which would indicate a transfer of his claim or right to another.

Construing the letter most favorably to the claimant, it was but a promise to turn the notes over to them at some future time.  There is nothing in it to indicate that an assignment of said notes was by its terms then and there intended.  On the other hand, the writer may have meant that he would turn the notes over canceled or paid, or, so far as we know, the claimant may have never wanted them transferred or assigned.  The trial court erred in giving the general charge for the claimant for the two notes therein named, and the judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

DOWDELL, C. J., and McCLELLAN and SAYRE, JJ., concur.