(90 South. 798)

## GRIFFITH & WARREN v. BIGGERS.
### (6 Div. 491.)

(Supreme Court of Alabama. Oct. 27, 1921.)

**Landlord and tenant ⬚248(2), 250—Landlord held not liable for advances by third persons to tenant.**

Evidence that the landlord induced defendants to make advances to the tenant by promising to see that defendants' account was paid to the extent of the crop the tenant made was not an assignment of landlord's lien or claim, and does not make the landlord liable to pay the advances by defendants, and therefore does not, under Code 1907, § 4734, entitle such advances to the landlord's preference over a prior mortgage on the crop.

Appeal from Circuit Court, Cullman County; O. Kyle, Judge.

Action in trover by H. P. Biggers against Griffith & Warren for the conversion of one bale of cotton. Judgment for the plaintiff, and defendants appeal. Transferred from Court of Appeals under section 6, Acts 1911, p. 449. Affirmed.

The facts sufficiently appear from the opinion of the court.

A. A. Griffith, of Cullman, for appellants.

The court erred in judgment rendered. Section 4734, Code 1907; 103 Ala. 223, 15 South. 521; 11 Ala. 1067; 72 Ala. 502; 160 Ala. 213, 49 South. 233; 112 Ala. 278, 20 South. 381; 11 Ala. App. 447, 66 South. 880; 87 Ala. 475, 6 South. 362.

F. E. St. John, of Cullman, for appellee.

The landlord did not become legally bound to defendant for the debt of the tenant Carnes, and the court rendered the proper judgment. Section 4734, Code 1907; 111 Ala. 433, 20 South. 453; 92 Ala. 612, 8 South. 823; 75 Ala. 44; 83 Ala. 266, 3 South. 443; 109 Ala. 40, 19 South. 733.

McCLELLAN, J. Trover, for the conversion of a bale of cotton, instituted by appellee against appellants. The trial was by the court, without jury; and judgment was rendered for plaintiff, appellee. Appellee claimed title to the cotton under a mortgage executed during the crop year by one Carnes to him. The cotton was subject to this mortgage unless appellants were entitled thereto in virtue of an arrangement with one Edwards, who was Carnes' (mortgagor's) landlord of the land on which this cotton was grown.

The evidence does not show an assignment to appellants by the landlord of any claim or lien the landlord had or might have had in the premises. The rule stated in Strickland v. Lesesne, 160 Ala. 213, 216, 49 South. 233, is not met by the arrangement shown in

the evidence. Doubtless, the landlord did effect a waiver, to appellants' advantage, of any claim or lien he might have had for rent in favor of the payment of the account for supplies appellants subsequently furnished the tenant with which to cultivate the crop.

The legal effect of the agreement between the landlord (Edwards) and appellants was this: The landlord assured appellants, and thereby induced appellants to "furnish" Carnes, the tenant, that he (Edwards) would see that appellants got such crop as the tenant made; that the landlord would see the account paid "to the extent of the crop" the tenant made. This was not a promise by Edwards to pay Carnes' contemplated indebtedness to appellants, an indebtedness that was to be incurred in the future. The landlord did not become legally liable to pay the tenant's indebtedness for supplies "for which he [landlord] became legally bound," within the purview of Code, § 4734. The credit was not extended by appellants to Edwards. It was not the landlord's debt.

The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.