(103 So. 866)

### DAWSEY v. KIRVEN. (3 Div. 642.)

(Supreme Court of Alabama. Jan. 15, 1925. Rehearing Denied April 30, 1925.)

1. **Mortgages ☞600(1) — Person redeeming must pay balance of mortgage debt, if purchaser owns debt at time of redemption.**

Under Code 1907, § 5749, subd. 4, as revised in Code 1923, § 10145, subd. 4, person redeeming is required to pay balance of mortgage debt, if owned at time of redemption by the person from whom he is redeeming, though such person acquired such balance after the foreclosure sale.

2. **Appeal and error ☞1051(4)—Reception of testimony as to ratification of assignment of balance of mortgage debt, if erroneous, held harmless.**

Reception of testimony as to ratification of assignment of balance of mortgage debt, assigned pursuant to a power of attorney, if erroneous, *held* harmless, where the power of attorney was sufficient to authorize the assignment.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Bill by S. C. Dawsey against Miriam W. Kirven to redeem from mortgage foreclosure. From the decree, complainant appeals. Affirmed.

William F. Thetford, of Montgomery, for appellant.

A mortgagor is not required to pay the balance of the debt when redeeming from a stranger. Johns v. Anchors, 153 Ala. 498, 45 So. 218; Mobile Mutual v. Steele, 61 Ala.

253; Comm. R. E. & B. Ass'n. v. Parker, 84 Ala. 298, 4 So. 268; First Nat. Bank v. Elliott, 125 Ala. 646, 27 So. 7, 47 L. R. A. 742, 82 Am. St. Rep. 268; Chambers v. Pollak, 143 Ala. 438, 39 So. 316; Lord v. Blue, 200 Ala. 521, 76 So. 463; Ivy v. Hood, 202 Ala. 122, 79 So. 587. A witness may not testify as to the contents of a letter without accounting for its loss. Laster v. Blackwell, 128 Ala. 143, 30 So. 663.

Ball & Beckwith, of Montgomery, for appellee.

If redemption is from a person owning the debt, redemptioner must also pay the balance due on the debt. Code 1907, § 5949(d); Murphree v. Summerlin, 114 Ala. 54, 21 So. 470; 27 Cyc. 1823.

ANDERSON, C. J. The appellant mortgagor filed a bill to redeem certain land sold under a mortgage given by him and which was sold under the power of sale by the then holder of the said mortgage and the owner of the debt. The property was bought by the appellee for a sum less than the mortgage debt, but the balance of the debt was assigned to her 56 days after the mortgage sale, but before the effort to redeem.

The trial court granted the appellant relief and, as to this, there was no cross-appeal, but required the payment of the entire mortgage debt as a condition to redeem instead of the amount bid at the mortgage sale. Therefore the sole important question involved is the construction of paragraph 4 of section 5749 of the Code of 1907 and which reads as follows:

"If the redemption is made from a person owning the debt for which the property was sold, he must also pay any balance due on the debt."

[1] There is no question that this appellee was the owner of the balance of the debt at the time of redemption, so the question arises, Does the above-quoted provision refer to the owner of the balance of the debt at the time of sale or time of redemption? It is evident that the Legislature meant by this paragraph, first appearing in the Code of 1907, to fix the lawful charges to be paid upon redemption and based on a status as then existing, and intended that who ever was entitled to redeem, whether mortgagor or creditor, or whether the mortgagee was purchaser or not, must pay the balance of the mortgage debt, if the then holder of the property under the mortgage sale also owned the balance of the debt at the time of redemption. Indeed, we would have nothing to interpret if dealing with said paragraph 4 as it appears in section 10145 of the Code of 1923, as it specifies the owner of the debt at the time of "redemption." We do not think that this slight revision of the provision by the Code committee indicates a change, or that the old provision applied to the time of the sale, but is a mere interpretation and perhaps plainer expression of what the old provision intended.

It may be that the decision in the case of First National Bank of Anniston v. Elliott, 125 Ala. 646, 27 So. 7, 47 L. R. A. 742, 82 Am. St. Rep. 268, suggested certain changes of the law as to lawful charges and as incorporated in the Code of 1907, but we do not think that the sole object or purpose was to overturn the result of the decision in said case. The only point decided in that case was that a judgment creditor, unlike the mortgagor, did not have to pay the balance of the debt, even when the property was bought in by the mortgagee. These additions and changes as to lawful charges are broad enough to apply to all persons given the right to redeem and to require the payment of the balance of the mortgage indebtedness, if owned by the person who holds under the sale at the time of redemption.

The case of Chambers v. Pollak, 143 Ala. 438, 39 So. 316, has no bearing upon the question here involved. The only question there decided was that the assignee of a judgment could not redeem under the statute as it then existed. Nor do the cases of Lord v. Blue, 200 Ala. 521, 76 So. 463, and Ivey v. Hood, 202 Ala. 122, 79 So. 587, shed any light on the present question; they merely refer to paragraph 4 in discussing lawful charges when redemption is sought between mortgagor and mortgagee when the mortgagee becomes the purchaser, but neither of said cases attempts to confine paragraph 4 to mortgagee purchasers.

[2] Whether the trial court did or did not err in permitting Kirven to testify that Mrs. Clements, in effect, ratified by letter the assignment of the balance of the mortgage debt to the appellee, matters not, for, if error, it was without injury, as the power of attorney was broad enough to authorize the assignment.

The decree of the circuit court is affirmed.

Affirmed.

GARDNER, THOMAS, and MILLER, JJ., concur.