(118 So. 404)

FIRST NAT. BANK OF GADSDEN v. MURPHREE. (7 Div. 829.)

Supreme Court of Alabama. Oct. 18, 1928.

222

Hood & Murphree, of Gadsden, for appellee.

FOSTER, J. Etowah Foundry & Machine Company, hereafter referred to as the debtor, owed the First National Bank of Gadsden, hereafter referred to as the bank, for which it had security. The debtor borrowed $1,000 additional with defendant as indorser. It sustained a loss by fire, having a policy contract. It transferred the policy to the bank as security for a loan of $500 then made and future loans; all of which totaled the principal sum of $1,300. Thereafter the $1,000 note, having been renewed a time or two, was on January 25, 1926, again renewed, and defendant indorsed again with a verbal agreement that, subject to the assignment to the bank to secure the above debts, the policy of insurance was "pledged" to defendant to secure the indorsement. Later on, April 27, 1926, the bank took another note from the debtor, including in it all the indebtedness, with pledge of "all papers held by bank," as security, but without making an additional loan, and with no new consideration shown.

When the transaction with defendant transferring the policy occurred, it was in possession of the bank, and related to a debt due the bank indorsed by defendant. There was no occasion to deliver it to defendant, as it was then with their mutual creditor.

The effect was to create an equitable right in the defendant, whether it be in the nature of a right to have credited on the note a cer-

Goodhue & Lusk, of Gadsden, for appellant.

tain amount of the policy, or whether it be a transfer to defendant of a right in the policy. In either aspect, it was to accomplish one purpose, and defendant thereby secured rights subject to the prior rights of the bank.

■ The pledge to defendant, if so, had the effect of splitting the debt. So far as the insurance company was concerned, this was only effective in equity, and did not vest in the defendant and the bank the right to sue the insurance company in separate suits at law for the amounts due. each separately. But in equity the rights of all parties will be protected. This rule of 'law only operates for the benefit of a debtor, and his rights may be waived. In such event no one else may complain. McNeil v. Ritter Dental Mfg. Co., 213 Ala. 24, 104 So. 230; Jasper Merc. Co. v. O'Rear, 112 Ala. 247, 20 So. 583; K. C. M. & B. R. R. Co. v. Robertson, 109 Ala. 296, 19 So. 432; O'Barr v. Turner, 16 Ala. App. 65, 75 So. 271; Lowery v. Peterson, 75 Ala. 109.

■ An assignment of a chose in action, even a written instrument, is effective in equity at least, though it may be only verbal. Strickland v. Lesesne & Ladd, 160 Ala. 213, 49 So. 233; Wells v. Cody, 112 Ala. 278, 20 So. 381; McDonald v. McDonald, 215 Ala. 179, 110 So. 291; Lee v. Wimberly, 102 Ala. 539, 15 So. 444; Bain v. Lusk, 21 Ala. App. 442, 109 So. 187; Tison v. Citizens' Bank & Security Co., 208 Ala. 111, 93 So. 857.

■ The agreed statement of facts shows a verbal assignment or pledge to defendant of the policy subject to the rights of bank to secure a certain debt. There is no question here of the splitting of the action, because it is not a controversy with a debtor. It has paid all the debt to the bank. This is a controversy between the respective claimants to the funds in litigation between them. In such cases the court will dispose of the controversy on principles recognized in courts of equity as well as law, and without the necessity of resort to equitable process. McDonald v. McDonald, 212 Ala. 137, 102 So. 38, 36 A. L. R. 761; Batson v. Alexander City Bank, 179 Ala. 499, 60 So. 313.

■ It clearly appears therefore that the bank has a prior right to the extent of $1,300 and interest to apply the proceeds on debts not secured by the indorsement of defendant, and the defendant a right to have the balance credited on the debt on which he was indorser.

As all the funds are due the bank, it is more in the nature of the right of defendant to have funds applied to a debt of which he is indorser than an enforcement of a lien for defendant, though it is in the nature of a lien.

■ The bank paid out $211.09 to the local agent of the insurance company on "premium account." The agreed statement of facts does not state that this account is for the premium on the policy in question. The right of the company or its agent to retain such amount on account of the premium upon that identical policy is not involved. The only question is whether or not the bank may defeat the rights of the surety to have a credit applied, or the rights of a lienee, by paying the money to another without the consent of such surety, and with notice of his claim, though at the request of the debtor. This the bank cannot do. 21 R. C. L. 1053; Tatum v. Commercial Bank, 193 Ala. 120, 69 So. 508, L. R. A. 1916C, 767; White's Adm'r v. Life Ass'n Co., 63 Ala. 419, 35 Am. Rep. 45; Perrine v. Fireman's Ins. Co., 22 Ala. 575; Winfield Bank & Trust Co. v. Roberts, 200 Ala. 313, 76 So. 79; Fruitticher Elec. Co. v. Birmingham Trust Co., 201 Ala. 676, 79 So. 248.

■ There is no question here of protecting the bank as a bona fide purchaser. The bank held the policy for a specific purpose expressed in writing. If the note of April 27, 1926, had the effect of adding the policy as security for all other indebtedness to the bank, as there was no new consideration shown, the bank thereby received it subject to rights antedating such transaction. It was prior thereto, and on, to wit, January 25, 1926, that the rights of defendant attached.

It results from the foregoing that the action of the court in rendering judgment for defendant was in accord with legal principles which we think control this case.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.