160 So. 331

### MALONE et al. v. GRAY.
### 8 Div. 636.

Supreme Court of Alabama.
Feb. 28, 1935.

Wall & Creel, of Athens, for appellants.

Thos. S. Woodroof, of Athens, for appellee.

ANDERSON, Chief Justice.

Appellants gave a mortgage to Jemison & Co., said company assigned the mortgage and debt to the New York Life Insurance Company. Upon default, the New York Life Insurance Company foreclosed under the power of

sale becoming the purchaser at said sale for $4,000, less than the mortgage indebtedness, and subsequently conveyed the property to the appellee, Gray, for the sum of $3,000, also assigning the remainder of the debt to Gray. Gray being the owner of the property and of the debt when redemption was sought, the question is, Did the mortgagors, in order to redeem, have to tender the debt in full or only so much as was bid for the property at the foreclosure sale with interest?

Subdivision 4 of section 10145 of the Code of 1923 says: "If the redemption is made from a person who at the time of redemption owned the debt for which the property was sold, he must also pay any balance due on the debt, with interest thereon to date."

This provision of the statute was construed in the case of Dawsey v. Kirven, 212 Ala. 652, 103 So. 866, and it was there held that the person redeeming is required to pay the balance of the mortgage debt, if owned at the time of redemption by the person from whom he is redeeming, though such person acquired such balance after the foreclosure sale. The decree of the trial court was in line with this holding and is affirmed.

It is next insisted that the amount of the debt includes notes or items not due at the time of the foreclosure. True, the mortgage is not set out in full and does not seem to have been introduced in evidence, but in paragraph 3 of the bill of complaint, which was admitted by the answer, it is averred "that upon the maturity of said mortgage indebtedness or on default in some of its conditions and stipulations said transferee or assignee exercised its rights under the power contained in said mortgage and foreclosed the same." Again, the complainants introduced in evidence the principal note which contained a schedule of all of the partial payment installments and which contained an acceleration clause that in the event any of the conditions, or requirements of the mortgage be not complied with, this note or so much of the principal thereof as is then unpaid, together with the interest thereon, shall become due and payable at the option of the holder.

The decree of the circuit court is affirmed.

Affirmed.

THOMAS, BROWN, and KNIGHT, JJ., concur.