185 So. 748

## WILKES v. HOOD et al.

### 6 Div. 346.

Supreme Court of Alabama.

Jan. 12, 1939.

H. H. Sullinger and L. H. Etheridge, both of Bessemer, for appellant.

Ross, Bumgardner, Ross & Ross and J. A. Estes, all of Bessemer, and G. P. Benton, of Fairfield, for appellees.

74

KNIGHT, Justice.

Bill to enforce statutory redemption.

J. W. Wilkes, the husband of complainant, to secure an indebtedness of $6,459.-17, executed to the First National Bank of Bessemer a mortgage on certain pieces of real estate in Jefferson County. In this mortgage, the complainant joined for the purpose solely of relinquishing her dower and homestead rights. The property mortgaged belonged to the husband mortgagor.

After the execution .of this mortgage, the First National Bank of Bessemer was placed in liquidation by the Comptroller of the Currency, and E. M. Elliott was duly appointed receiver of its assets, and has since been in charge of the liquidation of said banking institution, under the authority and direction of the Comptroller of the Currency of the United States. The above mentioned mortgage came into the possession of said Elliott as such receiver, and on May 15, 1935, default having occurred in the payment of the secured indebtedness, the said receiver sold said property, in foreclosure of said mortgage, at public sale pursuant to the terms of the power of sale. At this sale, said Elliott, in his capacity as such receiver, became the purchaser of all the mortgaged property for the sum of $1,000, and due conveyance was executed to him as such purchaser.

After his purchase of said property, the said receiver made four separate sales thereof. One piece he sold and conveyed on July 19, 1935, to Charles J. Donald, Jr., at and for the sum of $165; the second piece he sold and conveyed, on July 19, 1935, to J. C. Fairris, for the sum of $215; the third piece he sold and conveyed, on May 14, 1935, to the Home Publishing Company for $825; and the fourth piece he sold and conveyed, on July 26; 1935, to A. Hood, for the sum of $1,981.-67.

Each of said conveyances recited that it was made under authority from the Comptroller of the Currency, and a decree of the United States District Court for the Northern Division of Alabama; and each conveyance further recited that the purchaser assumed all outstanding municipal assessments, state, county and city taxes, as a part of the purchase price.

It appears from the deeds executed to the said Donald, Fairris, and the Home Publishing Company that these purchasers only paid one-third of the purchase price in cash, and it also appears that Elliott, as such receiver, still holds a mortgage on these pieces of property to secure the balance of the unpaid purchase money.

The complainant, desiring to redeem the mortgaged property, made written demand on the respondents, the said Donald, Fairris, the Home Publishing Company and A. Hood, and S. D. Bentley, a purchaser from the Home Publishing Company of a half interest in the property the latter had purchased from said receiver, for statement in writing of the debt and all lawful charges claimed by each. These requests were made more than ten days prior to the filing of the bill in this cause. Each of these respondents submitted his statement in writing. Thereafter, the complainant filed this bill against the said Donald, Fairris, the Home Publishing Company, S. D. Bentley and A. Hood.

On final submission, the Court held. that the complainant was entitled to redeem the property, but held that "the statements in writing rendered by the respondents to complainant and set out in .the bill as to the debt and lawful charges necessary to be paid for redemption are in each instance substantially .correct." The decree concluded: "It is therefore ordered, adjudged and decreed that complainant may redeem as to the respective pieces of property set out in the bill on the payment of the said respective amounts rendered plaintiff with interest from date of rendition, by respondents, and plaintiff is given 30 days from this date within which to so redeem said property, failing which the plaintiff's right of redemption. shall in all respects cease and the plaintiff be forever barred with respect thereto."

We may here state that the decree should have fixed and ascertained the

amount necessary to be paid by complainant to effectuate her statutory right of redemption, so that she could have immediately paid the same into Court, or have made the payment to the owner or owners of the debt. As drawn and pronounced the decree, to say the least of it (and without regard to other matters to be noted), was irregular. It should have fixed definitely the amount required to redeem the property. In this respect, there was error.

■ It was one of the insistences of the complainant that the statements of the debt and lawful charges furnished by the respondents, in each instance, contained largely exaggerated or illegal demands, or the demands so questionable that she could not reasonably ascertain the amount she should tender in order to effectuate redemption. Confessedly, too, the purchaser of the property at the foreclosure sale had made four separate sales to four separate parties. In these circumstances, the complainant was excused from making tender before filing her bill. Johnson v. Davis et al., 180 Ala. 143, 60 So. 799; Francis et al. v. White, Admr., 142 Ala. 590, 39 So. 174; Dorrough v. Barnett, 216 Ala. 599, 114 So. 198.

■ It is uncontroverted that Elliott, as receiver of the First National Bank of Bessemer, bid in, and became the purchaser of the property in question, all of it, at the lump sum of $1,000. This amount then became the "purchase money" for said property, and was the only amount upon which the statute requires the redemptioner shall pay interest at the rate of ten per centum per annum on redemption. Code, Section 10145; Burke v. Brewer, 133 Ala. 389, 32 So. 602; Francis et al. v. White, Admr., supra; Richardson v. Dunn, 79 Ala. 167, 170. When the mortgagee becomes the purchaser at his own sale, and redemption is sought from him, the would-be redemptioner must pay any balance due on the debt, with interest thereon at the rate of 6% per annum, as well as other lawful charges. This balance of the mortgage debt is made by the statute—Section 10145—a lawful charge, which the redemptioner must pay, but the statutory rate of 10 per cent required to be paid on the purchase money is not the rate at which interest is to be computed on this balance of the debt. Malone v. Nelson et al., 232 Ala. 243, 167 So. 714. This same rule applies when redemption is sought from one other than the mortgagee

purchaser, if at the time redemption is made he is the owner of the debt for which the property was sold. Subsection 4, Section 10145 of the Code; Dawsey v. Kirven, 212 Ala. 652, 103 So. 866; Malone v. Nelson et al., supra; Malone et al. v. Gray, 230 Ala. 130, 160 So. 331; Marsh et al. v. Elba Bank & Trust Co., 221 Ala. 683, 130 So. 323.

After the foreclosure of the mortgage, and the receiver's purchase at the sale, and after the sales by the receiver to the respondents Donald, Fairris, the Home Publishing Company, and A. Hood, the said receiver, with authority to that end, transferred and assigned in writing to each of said respondents a part of the balance remaining due on the mortgage debt, but still retained ownership of something over $3,000 of the unpaid balance of the debt.

It is earnestly insisted by appellant's counsel, that the receiver had no right in law to transfer and assign in part, to his several vendees, the unpaid balance of said debt; that, to do so, would be an unwarranted splitting of a single and indivisible cause of action or claim. We do not agree with counsel for appellant in this contention for reasons that we shall here state.

■ The right of one, after foreclosure, to redeem the property is a right conferred exclusively by statute, and the condition upon which this right may be exercised is, that the person undertaking to redeem, shall comply fully, not partially, with the terms of the statute conferring the right, or must show some valid reason for his failure in any particular. Francis et al. v. White, supra.

■ If the receiver had not sold the property, after his purchase at foreclosure sale, and redemption had been sought of him, the complainant, confessedly, would have been required to pay the full amount of the mortgage debt, the purchase price with interest at 10 per centum per annum, and the balance of the debt at 6 per centum per annum. This balance of the debt, in such case, would have constituted, by force of the statute, a lawful charge. The complainant is in no position to say that she ought not to be required, in equity and good conscience, to pay only a part of the balance due on the debt, because the purchaser exercised his legal right to sell the property. Whereas, if he had not sold it, she would have been required to pay the entire balance of the debt. She cannot

complain that her burden by these sales has been lightened. The receiver, so far as the complainant's rights are involved, had the unquestioned right, not only to sell the property before the expiration of the period allowed for statutory redemption, but also to assign the balance of the debt, or any part or parts of it to the purchasers. We are not here dealing with the debtor. However, it would seem that even the mortgagor-debtor would have nothing to complain of, because, as against him, the redemptioner would have no right of action on the assignments. In fact, by these transactions, his debt to the bank was reduced, and in any action for a deficiency judgment, he would be entitled to credit for the amount paid by the redemptioner on the mortgage debt.

■■■ Again, it is elementary that the reason of the rule against splitting a cause of action is to prevent multiplicity of suits. The rule exists mainly for the protection of the defendant, to save and protect him from vexatious litigation, and to avoid the costs and expenses incident to numerous suits on the same cause of action. The rule is based, it has been observed, on the maxims: "Interest reipublicae ut sit finis litium," and "Nemo debet bis vexari pro una et eadem causa." Erie R. Co. v. C. Callahan Co., 204 Ind. 580, 184 N.E. 264, 87 A.L.R. 778; Smith v. Red-Top Taxicab Corporation, 111 N.J.L. 439, 168 A. 796; O'Dougherty v. Remington Paper Co., 81 N.Y. 496; Potter v. Harvey, 34 R.I. 71, 82 A. 812, 816; Goldberg v. Eastern Brewing Co., 136 App.Div. 692, 121 N.Y.S. 465; First Nat. Bank of Gadsden v. Murphree, 218 Ala. 221, 118 So. 404; Jensen v. Gamble, 191 Mich. 233, 157 N.W. 440. And of course when the reason of the rule ceases, the rule has no application.

In the case of First Nat. Bank of Gadsden v. Murphree, supra, it was held that the rule against splitting causes of action operated for the benefit of the debtor, and could be waived by him, and that, in order for the question to be raised, the controversy must be with the debtor.

■■■ There is, therefore, no merit in appellant's contention as to splitting the cause of action against the debtor, for he, the debtor, is not involved in this controversy, and, too, this case is in a court of equity, which is fully competent to deal with the entire situation. First Nat. Bank of Gadsden v. Murphree, supra.

■■ It appears, however, that the trial court has proceeded upon the theory that the amounts paid by the respondents to said receiver were to be treated as the "purchase money" on the foreclosure, and not the $1,000 which the receiver paid for said property, and he allowed these several purchasers interest on said amounts at 10 per cent per annum. This, of course, was error. The complainant is required to pay 10 per cent only on the $1,000 purchase money, and on the balance she will be required to pay interest at the rate of 6 per cent.

■■■. The Court also erroneously allowed one or more of the respondents amounts which were paid by them for insurance on the property, attorneys' fees, recording fees, and cost of an abstract. These items were not lawful charges, and should not have been allowed. Code, Section 10145; Richardson v. Dunn, supra; Parmer v. Parmer, 74 Ala. 285.

■■ On remandment and a new trial, the Court should ascertain and fix, in a definite finding, the amount required to redeem the property, and order its distribution among the respondents according to their several interests and rights. Francis et al. v. White, Admr., supra. In the distribution of the excess interest allowed by the statute on the $1,000 [purchase money], the Court should pro rate it amongst the four respondents in proportion to the amount paid by each to the receiver for the separate parcels of land. This would be equality and therefore equitable.

■■ It appears from the evidence that three of the respondents, to secure a part of the purchase money for the lands, executed to the receiver mortgages on the property; that these mortgages are still unpaid and outstanding. Elliott, as such receiver, should, therefore, be made a party to the bill. Code, Section 10145; Dorrough v. Barnett, supra.

The decree of the Circuit Court was not in accord with the foregoing opinion, and it results that the decree must be reversed, and the cause remanded for a new trial in conformity to this opinion and judgment.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.