MOORE, Judge,
concurring in part and concurring in the result.
I conclude that Newport Television, LLC (“Newport”), failed to establish its right to enforce the noncompete agreement against Cyndi Booth. See Clark Substations, L.L.C. v. Ware, 838 So.2d 860 (Ala.2002) (requiring evidence of a valid assignment of a noncompete agreement before a successor corporation is entitled to enforce that agreement); and Russell v. Birmingham Oxygen Serv., Inc., 408 So.2d 90, 93 (Ala.1981) (“There must be an affirmative showing of an intent to assign. Strickland & Co. v. Lesesne & Ladd, 160 Ala. 213, 49 So. 233 (1909). ‘The owner must do or say something which would indicate a transfer of his claim or right to another.’ 160 Ala. at 217, 49 So. 233.”). Absent' such affirmative evidence, there can be no assignment.
In Clark Substations, supra, our supreme court stated:
“The Alabama Business Corporation Act deals specifically with a sale-of-assets transaction. See § 10-2B-12.02, Ala.Code 1975. Section 10-2B-12.02 does not provide that the mere purchase of a corporation’s assets, without a valid assignment of specific contract rights, gives the purchaser all the rights of the seller of those assets. Therefore, it does not express any legislative intent inconsistent with the policy disfavoring non-competition agreements expressed in § 8 — 1—1[, Ala.Code 1975]. Under these circumstances, this Court must conclude that Clark Substations is not a successor entitled to enforce the noncompetition agreements executed by Ware and Edwards in the course of their employment with Clark Corporation.”
838 So.2d at 365. Because Clear Channel Broadcasting, Inc., did not merge into Newport, we must determine if Clear Channel made a valid assignment of Booth’s noncompete agreement to Newport.
A detailed review of the language of the Asset Purchase Agreement (“(he APA”) fails to affirmatively establish that Clear Channel intended to assign Booth’s non-compete agreement to Newport. In the APA, Clear Channel and Newport specifically identified numerous employment contracts that were to be assigned to Newport as a result of the asset purchase; however, Booth’s contract with Clear Channel was not listed in the APA. Additionally, in light of Alabama’s policy disfavoring agreements in restraint of trade, see Ala. Code 1975, § 8-1-1,1 cannot conclude that the affidavit of Hamlet T. Newsom, Jr., which was offered only after this dispute had arisen as an attempt to establish the necessary “‘affirmative showing of an intent to assign’ ” Booth’s noncompete agreement to Newport, is sufficient to meet Newport’s burden of proof on this issue. Russell, 408 So.2d at 93.
*730 I, therefore, concur in the result that the trial courn’s judgment — declaring that Newport is entitled to enforce the noncom-pete agreement — must be reversed. I concur with the main opinion’s treatment of Booth’s claim of tortious interference with business relations.